ON APPLICATION FOR REHEARING
The opinion of August 7, 1992, is withdrawn, and the following is substituted therefor:
This appeal concerns the assessment and calculation of interest on a judgment in favor of Annie B. Smith against MBL Life Assurance Corporation and Mutual Benefit Life Insurance Company. This is the second appeal filed by Smith, see Smith v.MBL Life Assurance Corp., 589 So.2d 691 (Ala. 1991) (hereinafter "Smith I"). The issues raised by this appeal concern the assessment and calculation of interest on the judgment against MBL and Mutual Benefit on the breach of contract claim that was affirmed by this Court in the prior appeal.
In Smith I, this Court affirmed a judgment based on a verdict of $250,000 in favor of Smith. The trial court deducted a $40,000 pro tanto settlement, awarded pre-judgment interest, and entered judgment in favor of Smith.
Smith appealed the judgment, and MBL and Mutual Benefit cross-appealed. This Court affirmed the judgment and later denied rehearing. After this Court's ruling, the parties were unable to agree as to how much interest had accrued on the judgment. MBL and Mutual Benefit filed a motion to amend the judgment and to determine interest. The trial court issued the following order:
 "The Court has been called upon to rule as to what interest is due on the judgment in this case. Without reciting all the facts and circumstances leading up [to] the entry of the original judgment, the ruling on Motion for New Trial and the decision of the Alabama Supreme Court, this Court has concluded that Defendants are obligated to pay Plaintiff[ ] $315,000.00 plus interest at the postjudgment rate from October 4, 1991, until the date of the payment of the total."
Smith appeals from this order.
The only issue now before this Court is whether the trial court properly disallowed postjudgment interest for the time the appeal in Smith I was pending. We hold that the trial court erred in denying postjudgment interest on the judgment entered in favor of Smith on her breach of contract claim.
Section 8-8-10, Ala. Code 1975, states that all "[j]udgments for the payment of money, other than costs," bear interest from the date of judgment. Rule 37, Ala.R.App.P., states as follows:
 "Unless otherwise provided by law, if a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is provided by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the certificate of judgment shall contain instructions with respect to allowance of interest."
(Emphasis supplied.)
Rule 37, Ala.R.App.P., is virtually identical to the Federal rule, F.R.App.P. 37. Interpreting F.R.App.P. 37, the Eighth Circuit Court of Appeals held: "The first sentence makes it clear that where a money *Page 408 
judgment is affirmed in the court of appeals, the interest that attaches by force of law upon [the money judgment's] initial entry is payable as if no appeal had been taken. . . ." TotalPetroleum, Inc. v. Davis, 822 F.2d 734, 738 n. 7 (8th Cir. 1987) (emphasis supplied). We hold that that interpretation of F.R.App.P. 37 is equally applicable to Ala.R.App.P. 37.
The decision of the trial court awarding Smith $315,000 on her breach of contract claim was affirmed by this Court. We note that Smith appealed the J.N.O.V. as to a portion of the jury verdict, and we also note that MBL and Mutual Benefit appealed the award of $315,000. However, the trial court's judgment on the breach of contract claim was affirmed, and, under Rule 37, interest on the judgment is payable "from the date the judgment was entered in the trial court." Ala.R.App.P. 37.
MBL and Mutual Benefit argue that Smith "delayed" the payment of the judgment in her favor by appealing the J.N.O.V. on the fraud claim. Relying on Berry v. Druid City Hospital Board,333 So.2d 796, 805 (Ala. 1976), which held that "when the delay in entering judgment on the verdict was occasioned by the party against whom it was rendered, the successful party, on appeal, is entitled to interest from the date of the verdict," Mutual Benefit and MBL argue that the focus in determining the period used to calculate postjudgment interest should be on the party who delayed the entry of final, "nonappealable" judgment. InBerry, a plaintiff was awarded postjudgment interest, calculated from the date of a jury verdict, after this Courtreversed the trial court's order granting a judgment N.O.V. However, we distinguish that case from the present case, based upon the clear and unambiguous language of Rule 37. This Court reversed the order of the trial court in Berry, and, thereby, implicated the second part of Rule 37, which gives this Court discretion to instruct the trial court as to the calculation of postjudgment interest. In Smith I, we affirmed the trial court's judgment on the breach of contract claim; therefore, under Rule 37, interest on the award of $315,000 is to be calculated from the date of judgment.
Interest is properly calculated from the date the trial court entered its judgment, which in this case was June 29, 1990. Therefore, we reverse the order of the trial court holding that interest is to be calculated from the date this Court issued its certificate of judgment in Smith I and remand this action to the trial court for calculation of the interest due and owing on the judgment affirmed in Smith I.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, and STEAGALL, JJ., concur.