On Application for Rehearing
The opinion of September 12, 1997, is withdrawn and the following is substituted therefor.
The only issue involved in this appeal is how post-judgment interest should be calculated. Both sides argue that the trial court's calculations are incorrect. We reverse and remand.
On April 6, 1993, a jury returned a verdict of $4.5 million in favor of the plaintiff in this wrongful death/medical malpractice action. On April 23, 1993, the defendants moved to have the verdict reduced, pursuant to § 6-5-547, Ala. Code 1975, which limited the recovery permitted for wrongful death actions based on medical malpractice. On April 30, 1993, the trial court entered a $4.5 million judgment based on the jury's verdict. The defendants moved for a judgment notwithstanding the verdict. The plaintiff Smith, renewing an argument he had made during the trial, argued that § 6-5-547, Ala. Code 1975, limiting recovery in cases like this, was unconstitutional.
Following post-verdict review of the damages award conducted pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), the trial court, on December 13, 1993, entered an order denying both the plaintiff's motion to declare § 6-5-547
unconstitutional and the defendants' motion for a judgment notwithstanding the verdict. The order reduced the jury's verdict to $1,276,873 (the maximum permitted by § 6-5-547). It stated that the "[j]udgment dated April 30, 1993, is altered, amended and corrected nunc pro tunc" to provide for damages of $1,276,873. On December 22, 1993, the defendants deposited $1,280,651.11 with the court clerk; that sum represented principal of $1,276,873 plus interest at 12% per annum for nine days (since December 13, 1993).
The plaintiff appealed, challenging the constitutionality of § 6-5-547. The defendants cross-appealed, contending that the award was excessive. The money paid into court was placed into an interest-bearing account. On January 14, 1994, the plaintiff filed a motion with this Court seeking permission to withdraw the $1,280,651.11 that the defendants had deposited with the circuit court clerk on December 22, 1993. The plaintiff contended that he should be allowed to withdraw these funds and requested this Court to rule on whether he might do so while still preserving his pending appeal challenging the constitutionality of § 6-5-547. On February 15, 1994, this Court issued an order denying the plaintiff's request to withdraw the deposited funds.
On August 18, 1995, this Court, in Smith v. Schulte,671 So.2d 1334 (Ala. 1995), cert. denied, 517 U.S. 1220,116 S.Ct. 1849, 134 L.Ed.2d 950 (1996), held § 6-5-547, Ala. Code 1975, unconstitutional; it reinstated the April 30, 1993, judgment based upon the jury verdict, but ordered a remittitur to $2.5 million. The plaintiff accepted the $2 million remittitur, resulting in this Court's affirming a $2.5 million judgment.
On October 25, 1995, the defendants deposited an additional $723,127 with the circuit court clerk. The defendants' petition to the United States Supreme Court for certiorari review was subsequently denied. Smith v. Schulte, supra. On July 26, 1996, the defendants paid $500,000 directly to the plaintiff, with the understanding that by accepting the payment the plaintiff was not waiving his claims to post-judgment interest.
A dispute then arose between the parties concerning the amount of post-judgment interest due on the judgment. The defendants filed with the trial court a "Motion to Determine Interest." On December 2, 1996, the trial court ordered the defendants to "pay 12% per annum interest on the judgment of $2,500,000.00 from April 30, 1993 (the date of the original judgment on the jury's verdict) through the date defendants pay the whole recovery into Court or directly to Plaintiff." The trial court concluded that interest continued to accrue on the entire judgment principal until the judgment plus all accrued *Page 140 
post-judgment interest was paid because the trial court believed that under Elmore County Comm'n v. Ragona,561 So.2d 1092 (Ala. 1990), the plaintiff could not accept partial payment without creating an accord and satisfaction and thereby losing the right to collect the balance of the whole recovery. However, the trial court did allow the defendants a credit against the whole recovery for the deposits paid into court, interest earned on those deposits, and the $500,000 payment made to the plaintiff. The defendants appeal from this order.
First, the defendants disagree with the date from which the trial court held that post-judgment interest began to accrue, April 30, 1993; that was the date the trial court entered a judgment on the jury's verdict. They contend that post-judgment interest should accrue from December 13, 1993, when the trial court entered the order reducing the April 30, 1993, judgment from $4.5 million to the limit specified in § 6-5-547, Ala. Code 1975.
"Section 8-8-10, Ala. Code 1975, states that all '[j]udgments for the payment of money, other than costs,' bear interest from the date of judgment." Smith v. MBL Life Assurance Corp.,604 So.2d 406, 407 (Ala. 1992). Rule 37, Ala. R.App. P., provides:
 "Unless otherwise provided by law, if a judgment for money in a civil case is affirmed . . ., whatever interest is provided by law shall be payable from the date the judgment was entered in the trial court."
Based on established law, we conclude that the final judgment in this case, for the purposes of calculating post-judgment interest, was entered on April 30, 1993. Lunceford v.Monumental Life Ins. Co., 641 So.2d 244 (Ala. 1994); Ford MotorCo. v. Tunnell, 641 So.2d 1238 (Ala. 1994); Bean v. Craig,557 So.2d 1249 (Ala. 1990).[1] See also United States v. MichaelSchiavone Sons, Inc., 450 F.2d 875 (1st Cir. 1971); Smith v.MBL Life Assurance Corp., supra; Elmore County Comm'n v.Ragona, supra; Brooks v. United States, 757 F.2d 734 (5th Cir. 1985); and Northern Natural Gas Co. v. Hegler, 818 F.2d 730
(10th Cir. 1987).
In Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala. 1976), this Court dealt with a situation in which the trial court set aside a judgment it had entered for the plaintiff based on a jury verdict. This Court reinstated the judgment based on the verdict. It held that the date from which post-judgment interest began to accrue on the plaintiff's judgment that was reinstated on appeal was the date the original judgment was entered in the trial court. The Court quoted approvingly the Supreme Court of Utah, which had said:
 " 'The court's order entering judgment for the defendant was in error and abortive, and when this court issued its mandate ordering the judgment for defendant vacated and the judgment on the verdict for plaintiff reinstated, it vitalized that judgment to the same extent and with the same force as though the trial court had never entered the abortive and erroneous judgment for defendant.' "
Hewitt v. General Tire Rubber Co., 5 Utah 2d 379,302 P.2d 712, 713 (1956), as quoted in Berry, 333 So.2d at 805.
We conclude that interest on the remitted judgment (i.e., the $2.5 million judgment) accrues from the date the trial court entered the original judgment, to the same extent and with the same force as though the trial court had never entered its order reducing the amount of that judgment. See Berry, supra. The trial court correctly decided that the judgment was entered on April 30, 1993, for purposes of determining post-judgment interest.
The defendants next argue that the trial court erred in concluding that interest continues to accrue on theentire judgment principal until the whole recovery is paid, despite the fact that the defendants have deposited into court and paid directly to the *Page 141 
plaintiff a total amount slightly greater than the $2.5 million judgment principal. Indeed, the plaintiff agrees with the defendants that the trial court erred in its calculations because, he concedes, interest did not continue to accrue on the entire judgment principal even after the defendants had made the two deposits into court and the payment to the plaintiff. Rather, it is uncontested on appeal that the deposits made on December 22, 1993, and October 25, 1995, and the payment made on July 26, 1996, should have been treated as "partial payments" of the judgment and that the amount of each deposit and payment should have been credited on the date of payment, first to pay all accrued interest on the judgment, and the balance applied to reduce the principal. See § 8-8-11, Ala. Code 1975.[2]
Because the parties agree that the three payments made in this case should be treated as partial payments on the judgment from the time paid, pursuant to § 8-8-11, Ala. Code 1975, the amount of each payment should be applied first to pay all accrued interest on the unpaid balance of principal as of the time of the payment, with the balance applied to reduce the principal. The date of the judgment, for purposes of calculating post-judgment interest, is April 30, 1993, and, thereafter, each time a partial payment was made, interest is calculated on the reduced principal from the date of the partial payment.
The judgment of the trial court is reversed, and the case is remanded for recalculation of the amount due on the judgment.
OPINION OF SEPTEMBER 12, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
HOOPER, C.J., and KENNEDY, COOK, and BUTTS, JJ., concur.
SEE, J., concurs in the result.*
MADDOX and HOUSTON, JJ., dissent.
[1] The time for filing a notice of appeal from a judgment begins to run on the date the judgment is entered. Ala.R.App.P. 4(a)(1). Filing a post-judgment motion pursuant to Ala.R.Civ.P. 50, 52, 55, or 59 suspends the running of the time for filing a notice of appeal, but during the suspension post-judgment interest accrues. Ala.R.App.P 4(a)(1); see Elmore County Comm'nv. Ragona, supra, 561 So.2d at 1097 n. 2 (stating that interest on the judgment continues to accrue while post-judgment motions are pending).
[2] On application for rehearing, the plaintiff contends that the deposit of $1,280,651.11 made by the defendants to the court on December 22, 1993, should not have been credited as a "partial payment" of the judgment until August 18, 1995, the date of our opinion in Smith v. Schulte that concluded his original appeal. He argues that this Court's order of February 15, 1994, denied that he might withdraw these deposited funds without forfeiting his then pending appeal regarding the constitutionality of §6-5-547, Ala. Code 1975. He argues that he was faced with a Hobson's choice of either forfeiting post-judgment interest from December 22, 1993, until the conclusion of his appeal, or forfeiting his claim on appeal that he was entitled to damages in excess of the cap imposed by § 6-5-547. Thus, he maintains that the December 22, 1993, deposit was "out of his reach" until his appeal was concluded, so he is entitled, he claims, to post-judgment interest until he could unconditionally exercise control over the funds. See Elmore County Comm'n v.Ragona, supra. However, this argument was raised for the first time on application for rehearing, and therefore will not be considered. Stover v. Alabama Farm Bureau Ins. Co.,467 So.2d 251 (Ala. 1985); Kirkland v. Kirkland, 281 Ala. 42,198 So.2d 771 (1967).
* Note from the reporter of decisions: When the opinion in this case was released on September 12, 1997, Justice See concurred in the result and issued a special opinion. When the Court, on December 19, 1997, withdrew its September 12, 1997, opinion and issued another opinion, Justice See was incorrectly shown as concurring in the December 19, 1997, action and not writing. The December 19, 1997, action, with the error, was reported in the Southern 2d advance sheet. By order of the Supreme Court dated July 8, 1998, the December 19, 1997, action was corrected to accurately reflect Justice See's vote and to include his special writing.