On Application for Rehearing
The opinion of December 30, 1998, is withdrawn, and the following is substituted therefor.
It appears from the scant record before this court that Paula Crean sued her employer, Michelin North America, Inc., ("Michelin"), on September 12, 1994, seeking to recover workers' compensation benefits for injuries she sustained during the course of her employment with Michelin. On June 12, 1997, the trial court entered an order finding that Crean had suffered from bilateral carpal tunnel syndrome and bilateral ulnar nerve neuropathy in both her right and left hands and wrists and that the injuries arose out of and in the course of her employment with Michelin. The court awarded Crean $15,084 in temporary total disability benefits, $23,760 in permanent partial disability benefits that *Page 296 
had accrued before the time of the trial, and $220 per week in permanent partial disability benefits for 156 weeks. The court also ordered Michelin to pay for any of Crean's necessary medical and surgical treatment, rehabilitation, medicine, and medical and surgical supplies. Crean moved the court to alter, amend, or vacate its judgment, or, in the alternative, to grant a new trial. The court denied Crean's motion; however, it did award her $217 in travel expenses for medical treatment.
On October 27, 1997, the court amended its judgment to apportion responsibility for the compensation award between The Hartford Insurance Company and Cigna Property and Casualty Insurance Company. It appears that when Crean injured her right hand Hartford was Michelin's workers' compensation insurance carrier and that when she injured her left hand Cigna was Michelin's workers' compensation insurance carrier. The court ordered Hartford to pay the entire $15,084 of temporary total disability benefits. It further ordered Hartford to pay $16,632 of the $23,760 in accrued permanent partial disability benefits and Cigna to pay the remaining $7,128 in accrued permanent partial disability benefits. The court also ordered Hartford to pay $220 per week in unaccrued permanent partial disability benefits for 109.2 weeks, and Cigna to pay $220 per week in unaccrued permanent partial disability benefits for 46.8 weeks. Finally, the court ordered Hartford to pay $233 of Crean's filing fee and travel expenses, and Cigna to pay the remaining $100.20 of those expenses.
On December 11, 1997, Crean gave the required five-day notice to Michelin, pursuant to § 25-5-86, Ala. Code 1975, that she intended to move for a modification of the judgment, because she had yet to receive any of the court-ordered benefit payments. Michelin's attorney responded by facsimile transmission on December 15, 1997, stating: "I have all Crean money, call." On December 18, 1997, Crean responded to the facsimile by letter advising Michelin that she intended to go forward with the motion to modify. Crean also acknowledged in this letter that Michelin's "excuse" for delaying the payment of benefits was a dispute between the insurance companies as to which company was responsible for what portion of the benefits due Crean. On December 19, 1997, Crean moved the court for a modification of its judgment, seeking a penalty and interest on the judgment, pursuant to § 25-5-86, alleging that Michelin had refused to pay any of the court-ordered benefit payments. The motion was set for hearing on January 5, 1998. Following a hearing, the court, on January 5, 1998, denied Crean's motion to modify the judgment. However, the court did order that a lump-sum payment be made to Crean.[1] Crean appeals.
Section 25-5-86, Ala Code 1975, provides in part:
 "(1) If the award, order, or settlement agreement is payable in installments and default has been made in the payment of an installment, the owner or interested party may, upon the expiration of 30 days from the default and upon five days' notice to the defaulting employer or defendant, move for a modification of the award or settlement agreement by *Page 297 
ascertaining the present value of the case, including the 15 percent penalty provision of Section 25-5-59, under the rule of computation contained in Section 25-5-85, and upon which execution may issue. The defaulting employer may relieve itself of the execution by entering into a good and sufficient bond, to be approved by the judge, securing the payment of all future installments, and forthwith paying all past due installments with interest and penalty thereon since due."
Section 25-5-59(b), Ala. Code 1975, provides a 15% penalty where any installment of compensation payable is not paid, without good cause, within 30 days after it becomes due. See also Sullivan, Long Haggerty, Inc. v. Goodwin, 658 So.2d 493 (Ala.Civ.App. 1994).
Crean contends on appeal that the court erred in failing to modify the judgment, pursuant to § 25-5-86, to add the 15% penalty and interest to the judgment. Our task is made difficult because of the lack of a detailed order, a transcript of the January 5 hearing, or a Rule 10(d) statement. However, it does appear from the documents that were before the court on Crean's motion that Michelin's defense for not having paid Crean's benefits when they came due was the dispute between the two insurance companies as to who owed what. In the December 18 letter from Crean to Michelin, Crean acknowledged that the reason she had not received any benefit payments from Michelin was the dispute between the insurance companies. In Stevison v. Qualified Personnel, Inc.,571 So.2d 1178 (Ala.Civ.App. 1990), this court held that the trial court did not err in refusing to impose the penalty provided by § 25-5-59
where a good-faith dispute existed between the parties regarding the amount of workers' compensation benefits due to the employee. Further, "It could be argued that this Section does not apply in a contested case, but if the evidence shows that the defendant failed to make the payments due under the workmen's compensation law without any semblance of a `good cause' most likely the penalty could be assessed." James C. Haley, Handbook on Alabama Workmen's Compensation Law, at 38 (1982). We conclude that the dispute between the insurance companies as to the amount of compensation each was responsible for paying was a "good cause" reason for the delay in payment of the benefits under § 25-5-59.
Although the court denied Crean's motion to modify the judgment pursuant to § 25-5-86 to add the penalty, it did grant her a lump-sum settlement. Under § 25-5-86, to award a party a lump-sum settlement necessarily requires a finding that the employer is in default in paying the benefits. Under § 25-5-86, an employee is entitled to the 15% penalty pursuant to § 25-5-59(b) and to interest on all past-due installments. As discussed earlier, "good cause" existed for the delay in Michelin's payment of benefits; however, under § 25-5-86 a "good cause" reason for delay in payment of benefits is not a defense to the failure to timely pay benefits owed. The court granted Crean a lump-sum settlement; however, the order does not contain a statement as to the present value of the award, including the interest owed on the judgment. We, therefore, must reverse the judgment and remand the case for the trial court to determine the present value of the award, including the proper amount of interest.
Crean's request for an attorney fee on appeal is denied.
OPINION OF DECEMBER 30, 1998, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION AND MOTION GRANTED; REVERSED *Page 298 
AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.
[1] The record does not contain a transcript of this hearing, nor does it contain a statement of the evidence or proceedings, pursuant to Rule 10(d), Ala. R. App. P. Crean evidently submitted a Rule 10(d) statement, but ultimately moved to have it withdrawn. Further, the court's order contained no findings of fact and consisted only of a brief entry on the case action summary sheet.