SEE, Justice
(dissenting).
I agree with the majority that Vesta’s third-party-beneficiary argument is not properly before this Court, because Vesta raises that argument for the first time in its application for rehearing. See Schulte v. Smith, 708 So.2d 138, 141 (Ala.1997) (See, J., concurring in the result). Nonetheless, I dissent from the overruling of the application for the same reason that I dissented from the Court’s July 7, 2000, opinion issuing the writ of mandamus. Lovejoy’s claims against Vesta are inextricably intertwined with his claims against New South Bank; therefore, I believe, the trial court correctly granted Vesta’s motion to compel arbitration. See MS Dealer Service Corp. v. Franklin, 177 F.3d 942 (11th Cir.1999); and Ex parte Napier, 723 So.2d 49 (Ala.1998). Accordingly, I must respectfully dissent from the overruling of the application for rehearing.