YATES, Presiding Judge.[1]
These parties have previously been before this court. See Crean v. Michelin North America, Inc., 782 So.2d 295 (Ala.Civ.App.1999), affirmed in part and reversed in part, 782 So.2d 298 (Ala.2000), for a detailed procedural and factual history of the case.
Paula Crean sued her employer, Michelin North America, Inc., seeking to recover workers’ compensation benefits for injuries she sustained during the course of her employment with Michelin. The trial court awarded Crean, among other things, $15,084 in temporary total disability benefits, $23,760 in permanent partial disability benefits that had accrued before trial, $220 per week in permanent partial disability benefits for 156 weeks, and $333.20 in filing fees and travel expenses. Id.
Crean moved the court to modify its judgment, seeking interest and a 15% penalty on the judgment, pursuant to §§ 25-5 — 59(b) and 25-5-86, Ala. Code 1975, alleging that Michelin had refused to pay any of the court-ordered benefit payments. Section 25-5-59(b) provides a 15% penalty where any installment of compensation payable is not paid, without good cause, within 30 days after it becomes due. Section 25-5-86 provides in pertinent part:
“(1) If the award, order, or settlement agreement is payable in installments and default has been made in the payment of an installment, the owner or interested party may, upon the expiration of 30 days from the default and upon five days’ notice to the defaulting employer or defendant, move for a modification of the award or settlement agreement by ascertaining the present value of the case, including the 15 percent penalty provision of Section 25-5-59, under the rule of computation contained in Section 25-5-85, and upon which execution may issue. The defaulting employer may relieve itself of the execution by entering into a good and sufficient bond, to be approved by the judge, securing the payment of all future installments, and forthwith paying all past due installments with interest and penalty thereon since due. The bond shall be recorded upon the minutes of the court.”
The court denied Crean’s motion seeking a penalty and interest on the judgment; however, it did order that Michelin make a lump-sum payment of benefits to Crean. Id.
Crean appealed the trial court’s judgment denying her interest on the judgment and the 15% penalty to this court. We affirmed the judgment denying the 15% penalty to Crean; however, we reversed the judgment insofar as it denied Crean interest on the judgment. We remanded the cause to the trial court for it to determine the present value of Crean’s *701 benefits and to include an award of post-judgment interest; however, we did not instruct the trial court to award Crean the 15% penalty. Id.
Crean petitioned our supreme court for certiorari review, which the court granted. The supreme court affirmed this court’s judgment, instructing the trial court to award Crean postjudgment interest on her compensation award; however, the supreme court reversed that portion of this court’s judgment holding that Crean was not entitled to the 15% penalty, stating:
“We remand the cause to the Court of Civil Appeals for that court to instruct the trial court to award Crean the 15% penalty on those installments of benefits which have accrued and shall accrue since August 25,1997, and which have or shall become over 30 days delinquent and further to instruct the trial court to grant Crean that relief ordered by the Court of Civil Appeals for the lump-sum payment and interest.”
Ex parte Crean, 782 So.2d at 302.
On May 5, 1999, while the cause was pending on appeal, Michelin deposited $74,978.12 with the clerk of the trial court. Michelin purported that this amount represented the accrued and unaccrued benefits that had been awarded by the trial court on June 12,1997. The clerk deposited these funds and purchased a certificate of deposit in Crean’s name.
On remand, the trial court, on October 24, 2000, ordered Michelin to pay Crean “a 15% penalty on the installment benefits which have accrued and shall accrue since August 25, 1997, and which or shall become over thirty (30) days delinquent and further, Plaintiff Crean is awarded that relief ordered in the Court of Civil Appeals original Opinion for a lump sum payment and interest.” However, a dispute between the parties arose over the proper amount of benefits due Crean in accordance with the order on remand. On January 9, 2001, the trial court conducted a hearing and each party presented evidence from its own accountant as to the proper method of calculating the benefits owed to Crean. At the end of the hearing, the trial court stated that it would not impose the 15% penalty on installments due past May 5, 1999, the date that Michelin paid the $74,978.12 into court. On February 27, 2001, the trial court ordered that the $74,-978.12[2] held in the certificate of deposit be disbursed to Crean. On March 8, 2001, the trial court entered the following order:
“This cause coming on to be heard is submitted for a ruling on remand for the Trial Court to determine the present value of the award, including the proper amount of interest and penalty, on testimony taken in Open Court and the entire file and the Court having considered the same, the Court finds as follows:
“The accrued payoff and present value of the award as of May 5, 1999, was $89,068.33. The amount paid on the award on May 5, 1999, by deposit with the Clerk of the Court was $74,978.12. The difference of $14,090.21 deposited at 12% is $17,072.92.
“The Court finds that the Plaintiff is entitled to the proceeds from the Certificate of Deposit held by the Clerk of the Court and $17,072 plus interest at 12% from January 9, 2001.”
On March 19, 2001, Michelin paid $17,398.47 into the court. Crean appeals, following the denial of her postjudgment motion.
Crean argues that the trial court erred in its calculations, because it failed *702 to impose the 15% penalty on installment payments of $220 of permanent-partial disability benefits owing from March 21,1997, through August 22, 1997.[3] We agree. Pursuant to the trial court’s order of June 12, 1997, Michelin’s obligation to pay $220 of permanent-partial disability benefits began on March 21, 1997, and continued for 156 weeks. Installment payments of permanent-partial disability benefits from March 21, 1997, through August 22, 1997, accrued on August 25, 1997, the date the trial court denied Crean’s postjudgment motion and the judgment became final. Pursuant to § 25 — 5—59(b), these payments became past due 30 days later on September 24, 1997. Crean was, therefore, entitled to the imposition of the 15% penalty on payments owed from March 21, 1997, through August 22, 1997, plus interest. Michelin’s calculation of benefits, upon which the trial court relied, imposed the penalty beginning only after the August 29, 1997, payment. Accordingly, we conclude that the trial court erred in its calculation insofar as it failed to impose the 15% penalty on payments owed from March 21, 1997, through August 22,1997.
Crean next argues that the trial court improperly credited Michelin with payment of the $74,978.12 on May 5, 1999, because, she says, those proceeds were not ordered disbursed to her until February 27, 2001, and the trial court’s calculations did not include interest on the judgment past May 5, 1999. Again, the trial court relied on the calculations presented by Michelin, which did not calculate interest on the judgment past May 5, 1999. Interest does not continue to accrue on the entire judgment principal once a partial payment of the judgment has been made, rather, once a partial payment is made interest is calculated on the reduced principal from the date of the partial payment. Schulte v. Smith, 708 So.2d 138 (Ala.1997). The trial court concluded that the present value of the award as of May 5, 1999, was $89,068.33. This amount is incorrect — we have concluded that the trial court erred in failing to impose the 15% penalty on payments from March 21, 1997, through August 22, 1997. The trial court then reduced that amount by the $74,978.12 paid into court by Michelin and calculated interest on the difference. Although the trial court was incorrect in determining that $89,068.33 was the present value of the judgment on May 5, 1999, it was correct to calculate the interest on the reduced principal from the date of partial payment, i.e., May 5, 1999. The trial court was not required to calculate interest on the entire judgment through February 27, 2001, because Michelin had made a partial payment into the court on May 5, 1999. Id., See also Life Ins. Co. of Georgia v. Johnson, 725 So.2d 934 (Ala.1998).
Crean next argues that the trial court erred because it failed to impose the 15% penalty on permanent-partial disability payments due after May 5, 1999. We disagree. Michelin was ordered to pay 156 weeks of permanent-partial disability benefits (March 21, 1997, through March 10, 2000). On May 5, 1999, Michelin paid $74,978.12 into the court; 45 weeks of permanent-partial disability benefits remained owing from that date. The trial court did not impose the 15% penalty on the installment payments due after May 5, 1999. Again, we note that the trial court relied upon Michelin’s calculations and determined that as of May 5, 1999, the present value of the judgment was $89,068.33. This calculation included the remaining 45 weeks of permanent-partial disability benefits payments at $220 from May 5, 1999, through March 10, 2000. We have already concluded that the $89,068.33 is incorrect, because it did not include the 15% penalty *703 on payments from March 21,1997, through August 22, 1997. The $74,978.12 paid into the court on May 5, 1999, was insufficient to pay the value of the judgment at that time, including the benefits owed from May 5,1999, through March 10, 2000.
This court held in Wal-Mart Stores, Inc. v. Kennedy, 799 So.2d 188, 199-200 (Ala.Civ.App.2001), that the 15% penalty in § 25-5-59 does not apply to “underpaid” benefits, but only to “unpaid” benefits. Therefore, Crean was not entitled to the 15% penalty on payments due after May 5, 1999.
Accordingly, we must reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. This case was originally assigned to another judge on the Court of Civil Appeals. It was reassigned to Presiding Judge Yates on January 28, 2002.

. Crean actually received $ 81,009.11, because the original amount deposited had earned interest.

. 15% of $220 equals $33.