BRYAN, Judge.
South Alabama Utilities and its workers’ compensation insurance carrier, Municipal Workers Compensation Fund (collectively referred to as “the employer”[1]), appeal from the trial court’s judgment insofar as it (1) determined their right to a statutory credit against workers’ compensation benefits to which Dick L. Lambert was entitled, and (2) commuted the workers’ compensation benefits owed to Lambert to a lump-sum award. Lambert cross-appeals from the trial court’s judgment insofar as it failed to award a 15% penalty on unpaid workers’ compensation benefits owed to Lambert.
On June 20, 2000, Lambert, who was employed by South Alabama Utilities, was injured in a work-related accident when he was struck by an automobile. On November 27, 2001, Lambert brought a tort action (case no. CV-01-4032) against various defendants, seeking damages for injuries sustained as a result of the accident. On January 30, 2002, the employer moved to intervene in the tort action in order to protect its right, pursuant to § 25-5-11, Ala.Code 1975, to a statutory credit against workers’ compensation benefits to which Lambert was entitled. On May 10, 2002, Lambert amended his complaint in the tort action to add a claim against the employer for workers’ compensation benefits. The trial court subsequently tried the workers’ compensation claim separately from the other claims in the case.
On January 16, 2003, the trial court entered a judgment on Lambert’s workers’ compensation claim, finding him to be permanently and totally disabled. The trial court’s judgment awarded Lambert $11,717.64 in accrued permanent-total-disability benefits and $365.45 per week in permanent-total-disability benefits, effective the date of the judgment. The trial court’s judgment also ordered the employer to pay “all existing and unpaid necessary and reasonable medical expenses, if any.” The employer appealed that judgment to this court, and we affirmed the judgment without an opinion. South Alabama Utils. v. Lambert (No. 2020707, February 6, 2004), 912 So.2d 1164 (Ala.Civ.App.2004) (table), cert. denied, (No. 1030771, October 15, 2004), 923 So.2d 1153 (Ala.2004) (table).
On May 3, 2003, Lambert settled his third-party tort claims for $300,000 and gave notice of the settlement to the employer. On December 16, 2004, the employer filed a declaratory-judgment action (ease no. CV-04-4551) against Lambert, seeking a credit for the $300,000 settlement, pursuant to § 25-5-11, Ala.Code 1975. The trial court subsequently consolidated the earlier action (case no. CV-01-4032) with the declaratory-judgment action (case no. CV-04-4551). On December 30, 2004, Lambert filed a “motion to accelerate *486 periodic payments and for lump sum order.” In the motion, Lambert asserted that the employer had defaulted on the workers’ compensation payments due him and requested that the trial court reduce the periodic payments to a lump-sum payment, pursuant to § 25-5-86(1), Ala.Code 1975.
On July 20, 2005, the trial court entered a judgment in the declaratory-judgment action. In that judgment, the trial court found that the employer had paid Lambert the workers’ compensation benefits that had accrued up until the entry of the January 16, 2003, workers’ compensation judgment, but that it had not paid Lambert any workers’ compensation benefits that had accrued since that date. The trial court found that the employer owed Lambert $47,508.50 in accrued permanent-total-disability benefits. The trial court commuted the future permanent-total-disability benefits owed to Lambert to a present-value lump sum of $283,502.73. The trial court also calculated the employer’s pro rata share of attorney’s fees, pursuant to § 25-5-11, Ala.Code 1975; these calculations will be presented and examined in detail below. The trial court, after making its calculations, awarded Lambert a total lump-sum workers’ compensation award of $298,359.63. On August 19, 2005, the employer filed a motion to alter, amend, or vacate the judgment, which the trial court denied on October 21, 2005. The employer timely appealed, and Lambert cross-appealed.
“In a workers’ compensation case, the Court of Civil Appeals reviews the ‘standard of proof ... and other legal issues without a presumption of correctness.’ § 25 — 5—81(e)(1), Ala.Code 1975. A trial court’s judgment in a workers’ compensation case based on pure findings of fact will not be reversed if it is supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975. Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Ex parte Professional Bus. Owners Ass’n Workers’ Comp. Fund, 867 So.2d 1099, 1102 (Ala.2003).
On appeal, the employer argues (1) that the trial court erred by commuting the permanent-total-disability payments owed to Lambert to a lump-sum award; and (2) that the trial court erred by failing to credit Lambert’s entire $300,000 settlement against the employer’s total workers’ compensation liability. On cross-appeal, Lambert argues that the trial court erred by not assessing a 15% penalty on unpaid permanent-total-disability payments, pursuant to § 25-5-59(b), Ala.Code 1975.
We first address the issue whether the trial court erred by commuting permanent-total-disability payments owed to Lambert to a lump-sum payment. Section 25-5-86, Ala.Code 1975, provides:
“For purposes of this article and Article ■ 4 of this chapter:
“(1) If the award, order, or settlement agreement is payable in installments and default has been made in the payment of an installment, the owner or interested party may, upon the expiration of 30 days from the default and upon five days’ notice to the defaulting employer or defendant, move for a modification of the award or settlement agreement by ascertaining the present value of the case, including the 15 percent penalty provision of Section 25-5-59, under the rule of computation contained in Section 25-5-85, and upon which execution may issue. The defaulting employer may relieve itself of the execution by entering *487 into a good and sufficient bond, to be approved by the judge, securing the payment of all future installments, and forthwith paying all past due installments with interest and penalty thereon since due. The bond shall be recorded upon the minutes of the court.”
The employer first argues that § 25-5-57(a)(4)a., Ala.Code 1975, precludes the reduction of permanent-total-disability payments to a lump-sum award, regardless of whether the employer defaults on the periodic payments. Section 25 — 5—57(a)(4)a., Ala.Code 1975, provides, in pertinent part:
“[Permanent-total-disability] payments, with the approval of the circuit judge or by the agreement of the parties, may be made monthly, quarterly, or otherwise as the parties may agree. Payments for permanent total disability shall not be ordered to be paid in a lump sum without the consent of both the employer and the employee.”
The employer contends that § 25-5-57(a)(4)a., not § 25-5-86(1), is controlling in this case. The employer argues that, because it never consented to a lump-sum payment of benefits, § 25-5-57(a)(4)a. precluded the trial court from commuting payments to a lump-sum award. Essentially, the employer argues that an employer cannot be penalized for defaulting on periodic payments of permanent-total-disability benefits.
We note, however, that § 25 — 5—57(a)(1), Ala.Code 1975, states that temporary-total-disability payments “are to be made at the intervals when the earnings were payable, as nearly as may be, unless the parties agree otherwise.” Section 25-5-57(a)(2), Ala.Code 1975, states that temporary-partial- disability payments “shall be made at intervals when the earnings were payable, as nearly as may be, unless the parties agree otherwise.” The effect of those provisions governing temporary-total-disability payments and temporary-partial-disability payments is the same as the provision in § 25-5-57(a)(4)a. governing permanent-total-disability payments: payments shall be periodic in nature unless the parties agree otherwise. However, none of those provisions in § 25-5-57 account for an employer’s default. If we were to hold that those various provisions in § 25-5-57 preclude the trial court, acting pursuant to § 25-5-86(1), from commuting periodic payments to a lump-sum payment in cases of the employer’s default, we would essentially render § 25-5-86(1) meaningless. Reading the various pertinent provisions together, we conclude that § 25-5-57(a)(4)a. does not preclude installment payments from being reduced to a lump-sum award, pursuant to § 25-5-86(1), in cases of the employer’s default.
The employer further argues that, even if § 25-5-86(1) authorizes the reduction of installment payments to a lump sum in cases of default, § 25-5-86(1) does not apply in this case because the employer was not in default on the permanent-total-disability payments owed to Lambert. The trial court in its judgment found that the employer had made no compensation payments to Lambert for benefits that accrued after January 16, 2003, the date of the entry of original workers’ compensation judgment. The employer does not dispute that it failed to make compensation payments to Lambert for benefits that accrued after January 16, 2003. The employer maintains, however, that it was not in default because, the employer says, § 25-5-ll(a), Ala.Code 1975, suspended its obligation to pay Lambert compensation. Section 25-5-ll(a), Ala.Code 1975, provides, in pertinent part:
“If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under cir *488 cumstances also creating a legal liability for damages on the part of any party other than the employer, ... the employee ... may bring an action against the other party to recover damages for the injury or death.... To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid, and the employer’s obligation to pay further compensation for permanent total disability shall be suspended for the number of weeks which equals the quotient of the total damage recovery, less the amount of any reimbursement for compensation already paid, divided by the amount of the weekly benefit for permanent total disability which the employee was receiving or to which the employee was entitled.”
“In Orum v. Employers Cas. Co., 348 So.2d 792, 795-96 (Ala.Civ.App.1977), this court determined that a ‘recovery of damages against the other party’ can be either by a money judgment or by a settlement.” Automotive Wholesalers of Alabama v. Kruetzer, 796 So.2d 1110, 1113 (Ala.Civ.App.2000). Section 25-5-11(a) essentially provides that an employer may suspend permanent-total-disability payments while applying the settlement amount recovered by an employee in a third-party action to an employer’s liability. However, in the present case, the employer suspended Lambert’s disability payments before Lambert received his $300,000 settlement.
Although the employer appealed the January 16, 2003, judgment, there is no indication in the record on appeal that execution of the judgment was stayed pending appeal, pursuant to Rule 8, Ala. R.App. P., or that the employer avoided execution of a lump-sum payment by entering into a bond, pursuant to § 25-5-86(1). Lambert did not settle his third-party tort action until May 3, 2003, months after the entry of the workers’ compensation judgment. Because the employer did not pay Lambert workers’ compensation benefits that accrued during the period between the entry of the January 16, 2003, workers’ compensation judgment and the May 3, 2003, settlement, the employer was in default during this period. The employer does not dispute that Lambert provided five days’ notice upon the expiration of 30 days from the date of the default, pursuant to § 25-5-86(1). Therefore, upon Lambert’s moving for a lump-sum award, the trial court properly commuted the periodic-compensation payments due to Lambert to a lump-sum award.
The employer also argues that the trial court erred by failing to credit Lambert’s $300,000 settlement to the employer’s workers’ compensation liability. We agree.
Section 25-5-ll(a), Ala.Code 1975, provides, in pertinent part:
“If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the *489 damages shall be ascertained and determined without regard to this chapter.... If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.... For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee.”
Section 25 — 5—11(e), Ala.Code 1975, provides:
“In a settlement made under this section with a third party by the employee or, in case of death, by his or her dependents, the employer shall be liable for that part of the attorney’s fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer’s liability to pay compensation bears to the total recovery had from the third party. For purposes of the subrogation provisions of this subsection only, ‘compensation’ includes medical expenses, as defined in Section 25-5-77, if and only if the employer is entitled to subrogation for medical expenses under subsection (a) of this section.”
In its judgment, the trial court determined the employer’s pro rata share of the attorney’s fees incurred in obtaining the $300,000 settlement to be $120,008.40, pursuant to § 25 — 5—11(e). The trial court then subtracted the amount it had computed as the employer’s pro rata share of the. attorney’s fees ($120,008.40) from the amount that the employer had previously paid in benefits and medical expenses ($152,660), yielding a balance of $32,651.60. The trial court used this amount — $32,-651.60 — as the total amount of credit owed to the employer. The trial court then subtracted its calculation of the total amount of credit owed to the employer ($32,651.60) from the total amount of unpaid permanent-total-disability payments that had accrued during the period between the entry of the January 16, 2003, workers’ compensation judgment and the entry of the July 20, 2005, judgment ($47,-508.50), leaving a difference of $14,856.90, the net accrued permanent-total-disability benefits owed to Lambert. The trial court added this amount — $14,856.90—to the total amount of future permanent-total-disability benefits owed to Lambert, reduced to present value ($283,502.73), yielding a balance of $298,359.63. The trial court’s judgment concluded that this amount— $298,359.63 — was the total amount that the employer owed to Lambert in permanent-total-disability benefits.
First, the trial court’s computation of the employer’s pro rata attorney’s fees incurred in obtaining the settlement was slightly incorrect. The employer’s share of the attorney’s fees under § 25-5-ll(e) should be computed by using the following equation employed by this court in Fitch v. Insurance Co. of North America, 408 So.2d 1017, 1019 (Ala.Civ.App.1981):
“Employer’s Reduced Liability = x
Third Party Recovery Attorney’s fees & expenses”
The variable “X” in the above equation represents the employer’s pro rata share of the attorney’s fees. Our supreme court later used this equation in Maryland Ca *490 sualty Co. v. Tiffin, 537 So.2d 469, 474 (Ala.1988).
Because the employer’s total workers’ compensation liability is greater than $300,000, the amount Lambert received in the settlement, the reduction in the employer’s liability, pursuant to § 25-5-ll(e), will be the entire amount of the settlement, ie., $300,000. The attorney’s fees in the third-party tort action resulting in the settlement were 40% of the total recovery. Forty percent of $300,000 yields $120,000 in attorney’s fees. Inserting these variables into the equation used in Fitch, supra, we have:
$300,000 = x
$300,000 $120,000
In the above equation, “X,” ie., the employer’s pro rata share of the attorney’s fees, equals $120,000 (cross-multiplying $300,000 by $120,000, and dividing the resulting product by $300,000, yields $120,000). The trial court found that the employer’s share of the attorney’s fees incurred in obtaining the settlement was $120,008.40; the employer’s actual share of the attorney’s fees is $120,000.
The trial court also erred by failing to credit Lambert’s entire $300,000 settlement to the employer’s liability. The trial court only offset the settlement amount against the $152,660 that the employer had already paid in benefits and medical expenses. However, § 25-5-ll(a), Ala.Code 1975, plainly states that “[i]f the injured employee ... recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation.” (Emphasis added.) Section 25-5-ll(a) does not limit application of the credit to the amount that an employer has already paid to the employee at the time the employee recovers damages or recovers a settlement; an employer is entitled to apply the credit against its unpaid present and future liabilities as well.
In the present case, the trial court concluded that the employer owed Lambert $47,508.50 in accrued permanent-total-disability benefits, $283,502.73 in future permanent-total-disability benefits, and $120,000 as its pro rata share of attorney’s fees. Lambert received a $300,000 settlement from the third-party tortfeasor. From this $300,000, the employer was entitled to reimbursement of the $152,660 that the trial court found it had already paid in benefits and medical expenses. Crediting this $152,660 against the employer’s present liabilities to Lambert — $120,000 as its pro rata share of attorney’s fees and $47,508.50 in accrued permanent-total-disability benefits — leaves a balance of $14,848.50 ($120,000 + $47,508.50 = $167,508.50; $167,508.50 - $152,660.00 = $14,848.50). Adding this $14,848.50 in present liabilities to the employer’s future liability for permanent-total-disability benefits — $283,502.73—yields a total workers’ compensation Lability of $298,351.23, an amount close to the total amount that the trial court concluded the employer owed Lambert in compensation after the settlement. However, at this point in the analysis, the employer has only been credited with $152,660 of the $300,000 settlement recovered by Lambert, leaving $147,340.00 uncredited to the employer ($300,000 - $152,660 = $147,340). Subtracting this $147,340 from the $298,351.23 balance owed to Lambert in compensation leaves a difference of $151,011.23. Therefore, crediting the entire $300,000 settlement amount against the employer’s liability, the employer owes Lambert $151,011.23 in permanent-total-disability compensation.
The employer’s compensation liability may also be more simply conceptualized as follows. At the time of the entry of the July 20, 2005, judgment, the employer’s *491 total workers’ compensation liability, without accounting for Lambert’s settlement and any possible future medical expenses, was $451,011.23 ($120,000 as its pro rata share of attorney’s fees; plus $47,508.50 in accrued permanent-total-disability benefits; plus $283,502.73 in future permanent-total-disability benefits, reduced to present value; equals $451,011.23). Subtracting the $300,000 settlement amount from $451,011.23 leaves a difference of $151,011.23, the remaining permanent-total-disability compensation that the employer owes Lambert.
On cross-appeal, Lambert argues that the trial court erred by not awarding a 15% penalty against the employer for failure to pay compensation, pursuant to § 25-5-59(b), Ala.Code 1975. Section 25-5 — 59(b), Ala.Code 1975, provides, in pertinent part:
“Compensation shall begin with the fourth day after disability, and if the disability from the injury exists for a period as much as 21 days, compensation for the first three days after the injury shall be added to and payable with the first installment due the employee after the expiration of the 21 days. If any installment of compensation payable is not paid mthout good cause within 30 days after it becomes due, there shall be added to the unpaid installment an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the installment. ”
(Emphasis added.)
“Section 25-5-59(b) provides for a 15% penalty whenever ‘any installment of compensation payable is not paid without good cause within 30 days after it becomes due.’ (Emphasis added.) ‘[Gjood cause exists when there is a good faith dispute as to the employer’s liability to .its employee.’ Stevison v. Qualified Personnel, Inc., 571 So.2d 1178, 1179 (Ala.Civ.App.1990) (citing Read News Agency, Inc. v. Moman, 383 So.2d 840 (Ala.Civ.App.), cert. denied, 383 So.2d 847 (Ala.1980) ...).”
Ex parte Crean, 782 So.2d 298, 302 (Ala.2000) (some emphasis omitted).
As we have previously noted, the employer does not dispute that it failed to make court-ordered permanent-total-disability payments for the benefits that accrued after the entry of the January 16, 2003, workers’ compensation judgment. Although the trial court found the employer to be in default on payments, the trial court did not assess, pursuant to § 25-5-59(b), a 15% penalty on those payments in default. Therefore, the trial court implicitly found that the employer had “good cause” to withhold court-ordered payments that were due Lambert.
As we have previously noted, § 25-5-11(a) states that an employer shall suspend permanent-total-disability benefits' after an employee receives a settlement that can be applied to an employer’s liability. Lambert received the $300,000 third-party settlement on May 3, 2003, thereby establishing, pursuant to § 25-5-ll(a), a statutory credit to that amount in favor of the employer. The record reveals that, after the settlement, the parties disputed how the statutory credit was to be applied, thus leading to the employer’s filing of the declaratory-judgment action on December 16, 2004. However, the record contains no evidence indicating that the employer had “good cause” to withhold payments from Lambert during the period between the entry of the January 16, 2003, workers’ compensation judgment and the May 3, 2003, settlement. There is no indication that there was a good-faith dispute regarding the. employer’s workers’ compensation liability during this period. See Ex parte Crean, 782 So.2d at 302. For all that appears in *492 the record, the employer seems to have suspended payments during this period in anticipation of a forthcoming third-party settlement, leaving Lambert without compensation during the interim.
Therefore, we conclude that the trial court erred by not assessing a 15% penalty against the employer on installments of benefits accrued during the period between January 16, 2003, the date the workers’ compensation judgment was entered, and May 3, 2003, the date Lambert recovered the third-party settlement.
We affirm the trial court’s judgment insofar as it commuted the permanent-total-disability benefits to a lump-sum payment. We reverse the trial court’s judgment insofar as it awarded Lambert a $298,359.63 lump-sum payment, and we remand the case. Giving the employer full credit for the $300,000 third-party settlement, Lambert was entitled to a lump-sum award of $151,011.23. We reverse the trial court’s judgment insofar as it failed to assess a 15% penalty on installments of benefits accrued during the period between the January 16, 2003, the date the workers’ compensation judgment was entered, and May 3, 2003, the date Lambert recovered the third-party settlement. On remand, the trial court should assess a 15% penalty on the permanent-total-disability benefits that accrued between January 16, 2003, and May 3, 2003. The trial court should then add this amount to the $151,011.23 lump-sum award due Lambert in order to arrive at Lambert’s total lump-sum award.
APPEAL — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CROSS-APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, J., concur.
PITTMAN, J., concurs in part and concurs in the result, with writing.
MURDOCK, J., concurs in the result, without writing.

. Section 25-5-1(4), Ala.Code 1975, provides: "The term [employer] ... shall, if the employer is insured, include his or her insurer, the insurer being entitled to the employer’s rights, immunities, and remedies under this chapter [Title 25 Chapter 5, 'Workers' Compensation,’ Ala.Code 1975, §§ 25-5-1 through 25-5-340].”