532 So.2d 301 (1988)
STATE of Louisiana
v.
Charles YOUNG and Thelma Young.
No. CR87-1397.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Charles G. Gravel, Alexandria, for defendants-appellants.
J. Edward Knoll, Dist. Atty., Marksville, for plaintiff-appellee.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
On July 14, 1987, defendants, Charles L. Young and Thelma Young, both 50 years of age, were charged by bill of information, along with Salvador Chapino and Anastacio Guireiro, with production of marijuana, a violation of La.R.S. 40:966(A)(1).[1] On September 15, 1987, a twelve person jury found defendants guilty as charged. Prior to sentencing, defendants filed a motion for a new trial and a motion in arrest of judgment. Following a hearing, both motions were denied and defendants waived sentencing delays. Charles Young was sentenced to serve eight years at hard labor and fined $3,000.00 plus one-half (½) of the court costs, and in default of payment *302 thereof, one year in the Avoyelles Parish jail. Thelma Young was sentenced to three years at hard labor and fined $1,500.00, plus one-half (½) of the court costs, and in default of payment thereof, six months in the Avoyelles Parish jail. Defendants appealed.

FACTS
Sometime in 1987, two illegal aliens, Salvador Chapino and Anastacio Guireiro, were approached by defendant, Charles Young, in Corpus Christi, Texas. He was attempting to find workers for his farm in Avoyelles Parish. The two men agreed to work on his farm and returned with Young to Louisiana. Both Mr. and Mrs. Young supervised the workers and instructed them on how to care for marijuana plants being grown on the Young farm. The defendants testified at trial that they knew nothing about the marijuana plants being grown on their farm. The record evidence reflects otherwise. Approximately 4,500 marijuana plants were growing in plain view to individuals within the confines of the farm but hidden from anyone outside the property. The record evidence reflects beyond any reasonable doubt that both defendants actively participated in this operation and closely supervised the work of Chapino and Guireiro. Both defendants were found guilty of production of marijuana and the trial court ordered a presentence investigation. On October 27, 1987, defendants were sentenced as hereinbefore mentioned.
On appeal, defendants urge the following assignments of error:
1. The trial court erred when it denied defendants' pretrial motions to suppress certain evidence.
2. The trial court erred when it ordered defendants' case severed sua sponte.
3. The trial court erred when it denied defendants' motion in arrest of judgment.
4. The trial court erred when it denied defendants' motion for a new trial.
5. The trial court erred in imposing excessive sentences.
6. The trial court erred when it denied defendant, Charles Young, post-sentence bail.
Although defendants urge six assignments of error, they failed to brief assignments of error 1 through 4. Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
We first consider assignment of error number 6, following which we will consider and discuss defendants' contentions that the sentences imposed are excessive.
ASSIGNMENT OF ERROR NO. 6
Defendants contend that the trial court erred in denying post-conviction bail for Mr. Young.[2]
La.C.Cr.P. art. 314 provides, in pertinent part, as follows:
"* * *
After sentence and until final judgment, bail shall be allowed if a sentence of five years or less is actually imposed. Bail may be allowed after sentence and until final judgment if the sentence actually imposed exceeds imprisonment for five years, except when the court has reason to believe, based on competent evidence, that the release of the person convicted will pose a danger to any other person or the community.
* * *"
The issue of whether or not the trial court has improperly refused bail is neither properly nor timely raised on appeal. The correct procedure is to invoke the supervisory jurisdiction of the appellate court through La.C.Cr.P. art. 322. State v. Simmons, 414 So.2d 705 (La.1982). Defendant moved for post-conviction bail after sentencing and the motion was denied. The granting of post-conviction bail was discretionary for Mr. Young. State v. Strickland, 398 So.2d 1062 (La.1981). This assignment lacks merit.
*303 ASSIGNMENT OF ERROR NO. 5
Defendants assert that the trial court erred in imposing excessive sentences.
The legal principles applicable to appellate review of sentences, particularly regarding claims of noncompliance with the Article 894.1 guidelines and excessiveness, are well established and require neither reiteration nor citation of authority.
The record confirms the trial judge's meticulous compliance with the provisions of La.C.Cr.P. art. 894.1. In imposing sentences of eight and three years imprisonment at hard labor, the trial court noted that due to the seriousness of the illegal production of marijuana and the damage caused to society by such crimes, defendants are in need of correctional treatment. Additionally, the trial judge also stated that, given the large volume of marijuana production, i.e., approximately 4,500 marijuana plants, and the efficiency and deliberateness with which the marijuana farm had been operated, any lesser sentences would deprecate the seriousness of the crimes committed by defendants. The record reflects that the trial court also gave consideration to mitigating factors reflected by the evidence. He noted that neither defendant had a prior criminal record and that Charles Young was in poor health. In the latter connection, the record reflects that Charles Young suffers from severe diabetes, arteriosclerosis and arthritis of the spine. In addition, Charles Young lost the lower part of his right leg (below the knee) by amputation. The trial judge also noted that Charles Young was honorably discharged from the United States Navy after several tours of duty in Vietnam and is presently receiving disability compensation benefits from the U.S. Veterans Administration. The trial judge also acknowledged that, prior to this offense, both Charles and Thelma Young were good citizens and were kind and helpful to their neighbors. In his reasons for sentencing, the trial court noted that a lesser sentence was justified in the case of Thelma Young because her actions were influenced in great measure by her husband.
Despite a trial court's meticulous compliance with the provisions of La.C.Cr.P. art. 894.1, an appellate court may nonetheless determine that a sentence is excessive if convinced, after granting due deference to the wide discretion allowed the trial judge in such cases, that the sentence imposed is grossly out of proportion to the severity of the crime. In reviewing a claim of excessiveness, the court should consider the crime committed; the particular circumstances surrounding the commission of the crime; and, the offender's personal history (age, family ties, marital status, health, employment record), prior criminal record and the likelihood of recidivism or rehabilitation. If, after review, the appellate court concludes that the sentence imposed constitutes a clear abuse of the sentencing judge's discretion such as to shock its sense of justice, the sentence should be set aside and the matter remanded for resentencing.
We have carefully considered the sentences imposed in this case in light of these well settled principles and ultimately conclude that the sentence imposed upon Charles Young is excessive.
We find no clear abuse of the trial court's much discretion in not allowing a suspended sentence to either defendant, considering the seriousness of the crime involved; the damage caused to society; and, the trial judge's ultimate conclusion that a probated sentence would deprecate the seriousness of the crime and defendants are in need of correctional treatment. Further, we find no clear abuse of discretion in the sentence imposed by the trial court upon Thelma Young. However, we do find that the sentence imposed upon Charles Young, under the applicable law and the particular facts of this case, is too severe and constitutes a clear abuse of the much discretion allowed in such cases. Although, for the reasons given by the trial judge, the imposition of a more severe sentence upon Charles Young may be warranted, we can find no justification in the record to support the great difference in the sentences imposed. The defendants committed the same crime under the same *304 circumstances. Neither had a prior criminal record. There is nothing in the record to suggest that one will respond to rehabilitation more quickly than the other. Finally, Charles Young's serious health problems certainly militate against a long prison sentence.
For these reasons, defendants' convictions and the sentence imposed upon Thelma Young are affirmed. However, the sentence imposed upon Charles Young is set aside and this matter is remanded to the trial court for a new sentence hearing and the reimposition of sentence upon him in accordance with law and consistent with the views expressed herein.
CONVICTIONS AFFIRMED; SENTENCE OF THELMA YOUNG AFFIRMED; SENTENCE OF CHARLES YOUNG SET ASIDE AND REMANDED FOR RESENTENCING.
NOTES
[1] Salvador Chapino and Anastacio Guireiro elected to waive their right to a jury trial and were found guilty following a bench trial on August 11, 1987.
[2] The trial judge permitted Mrs. Young to remain on bail in accordance with La.C.Cr.P. art. 314.