815 So.2d 1028 (2002)
STATE of Louisiana
v.
Franz H. deBECHE.
No. 01-1083.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
*1029 Honorable Michael Harson, District Attorney, Lafayette, LA, Counsel for Plaintiff/Appellee, State of Louisiana.
William Littlejohn Goode, The Goode Law Firm, Lafayette, LA, Counsel for Defendant/Appellant, Franz H. deBeche.
Court composed of ULYSSES GENE THIBODEAUX, MARC T. AMY and ELIZABETH A. PICKETT, Judges.
AMY, Judge.
The defendant pled guilty to three counts of molestation of a juvenile pursuant to La.R.S. 14:81.2 and one count of forcible rape pursuant to La.R.S. 14:42.1. The trial judge sentenced the defendant to seven years at hard labor on each count of molestation of a juvenile and twenty-five years at hard labor, four years without benefit of parole, probation, or suspension of sentence, for forcible rape. The judge ordered the sentences to run concurrently. The defendant appeals his sentences arguing that, due to his poor health, the sentences are excessive. For the following reasons, we affirm the defendant's sentences.

Factual and Procedural Background
According to a stipulation of facts made at the time of the plea hearing, beginning March 1996 and continuing until February 1999, the defendant, Franz Hued deBeche, committed several acts of molestation against four victims, M.T., A.L., A.C., and K.L. The acts committed included kissing the girls on the mouths, fondling their bodies by touching, rubbing, and inserting his fingers into their vaginas, and removing pieces of their clothing. Each of the victims was between the ages of eleven and twelve. In August of 1998, deBeche forced A.L., who had recently turned twelve years old, to have sexual intercourse with him.
All of the incidents took place at deBeche's horse ranch, on the outskirts of Lafayette. Each of these victims was taking horse riding lessons with deBeche. Additionally, deBeche had approached some of the victims about providing lessons and sometimes did not charge a fee for the instruction. The victims' families were friends or acquaintances of deBeche. Each of the incidents occurred during or after horse riding lessons.
According to the record, deBeche was charged by bill of information on June 9, 1999, with four counts of molestation of a juvenile governed by La.R.S. 14:81.1, three counts of sexual battery pursuant to La. R.S. 14:43.1, and one count of forcible rape governed by La.R.S. 14:42.1. On October 10, 2000, the defendant pled guilty to one count of forcible rape and three counts of molestation of a juvenile. In exchange for the guilty plea, the State dropped one count of molestation of a juvenile and all three counts of sexual battery. Additionally, the parties agreed that all sentences would run concurrently.
The trial court sentenced deBeche to seven years at hard labor for each count of molestation of a juvenile and twenty-five years at hard labor, four years without benefit of parole, probation, or suspension of sentence, for the count of forcible rape. On January 17, 2001, the defendant filed a *1030 motion to reconsider which was denied. Consequently, on March 16, 2001, the defendant filed a motion to reconsider the motion to reconsider sentence citing his deteriorating health. The trial court heard the motion on July 2, 2001. Again, the motion to reconsider was denied and the previously imposed sentence was ordered to remain.
The defendant appeals, arguing that the trial court erred in imposing an unconstitutionally excessive sentence by not awarding him the minimum sentence. The defendant's main contention is that due to his poor health, he will likely die before he is eligible for parole and that his health was not given adequate consideration by the trial court at sentencing.

Discussion
The defendant contends that the sentence imposed is excessive due to the argument that he has a short life expectancy. According to the record, the defendant suffers from several ailments, the most serious being stage IV congestive heart failure. Because of this condition, the record indicates that the defendant may have about two years to live. Thus, the defendant argues that his sentence is excessive because he is not eligible for probation, parole, or suspension of sentence for four years. Alternatively, the defendant argues that he should be eligible for probation, parole, or suspended sentence after serving two years, which is the minimum requirement of La.R.S. 14:42.1.
La.R.S. 14:42.1 provides, in pertinent part, that:
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
The defendant was sentenced to twenty-five years, of which four years of the sentence were imposed without benefit of probation, parole, or suspension of sentence. In the motion to reconsider the motion to reconsider the sentence, the trial judge listed her reasons for upholding the sentence and stated:
.... [W]hen I initially sentenced Mr. DeBeche, I spent a great deal of time and effort in considering the appropriate sentence to be imposed in this offense. And I was aware at that timebecause Mr. DeBeche's previous attorney, Mr. Block, had furnished me voluminous medical records relating to his condition, I was aware at that time of his medical condition. And I did take that into consideration.
And, while I note that, as far as the evidence presented today, it does indicate that his condition is more serious than it was at the time of the offenses, he did have a serious medical condition at the time of the offenses, and it didn't prevent the commission of these offenses.
.... And one of the factors that was most prominent and was focused on the most by me was the fact that this was not an isolated incident, that, in fact this was a series of incidents involving a series of victims that happened over an extended period of time.
I did not impose the maximum sentence that could have been imposed in this case. I did take into consideration factors such as Mr. DeBeche's age and his medical condition. But the Court felt back when the initial sentence was imposed in January and the Court feels now the sentence imposed was appropriate. While I appreciate your arguments and it is not this Court's desire to impose a life sentence on Mr. DeBeche, the *1031 sentence that I imposed, I feel, was appropriate.
A trial judge is granted wide discretion in imposing a defendant's sentence within the statutory limits. State v. King, 96-1303 (La.App. 3 Cir. 4/2/97); 692 So.2d 1296. Consequently, in an absence of showing manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983). See also, State v. Roberts, 96-603 (La.App. 3 Cir. 11/6/96); 683 So.2d 1335.
In order to successfully argue that a sentence imposed by trial court, that is within the statutory limits, is excessive, one must prove that the sentence "makes no measurable contribution to acceptable penal goals and, therefore, constitutes nothing more than a needless imposition of pain and suffering." State v. Jordan, 98-101, p. 7 (La.App. 3 Cir. 6/3/98); 716 So.2d 36, 39.
Our review of the record reveals no such manifest abuse of discretion. The defendant was originally charged with four counts of molestation of a juvenile, three counts of sexual battery, and one count of forcible rape. Pursuant to a plea agreement, by which the defendant reduced his sentencing exposure significantly, four of the charges were dropped. When entering the plea, the defendant admitted to perpetrating the crimes, crimes of a particularly serious nature, which involved juvenile victims. Although the defendant argues that the circumstances must be viewed in light of his deteriorating medical condition and short life expectancy, the trial judge indicated that this condition was considered. Although the sentences imposed were not the minimum available, neither were they the statutory maximum, making it apparent that consideration of the defendant's health condition factored into shaping the sentences. Given the nature of the crimes and the trial court's observation that the crimes were committed while the defendant suffered from the serious medical condition, we do not find that the sentences imposed are a manifest abuse of discretion.

DECREE
For the above reasons, we affirm the sentences of Franz H. deBeche.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.
THIBODEAUX, J., dissenting.
Article 1, § 20 of the Louisiana Constitution prohibits excessive punishment. A punishment is constitutionally excessive if it makes no measurable contribution to acceptable penal goals and is nothing more than purposeful and needless imposition of pain and suffering. State v. Blackmon, 99-391 (La.App. 3 Cir. 11/3/99); 748 So.2d 50, writ denied, 99-3328 (La.4/28/00); 760 So.2d 1174. The sentence in this case is tantamount to a death sentence and is constitutionally excessive.
The trial court observed that Mr. de-Beche had a serious medical condition at the time of the offenses. The majority opinion cites this conclusion as a reason for affirming the sentences. The record, however, suggests otherwise. The date of the forcible rape in count 2 was at least four months before Mr. deBeche was diagnosed with Class II[1] congestive heart failure on December 15, 1998 and six months before his second heart attack on February 21, 1999. The date of his last offense as alleged in count 8 was November 1, 1998 through February 15, 1999. From the *1032 record evidence, one can reasonably infer that he may have committed this offense before being diagnosed with Class II congestive heart failure and before his second heart attack on February 21, 1999. Mr. deBeche's health dramatically declined since the date of the last offense, the date of arrest, and the date of sentencing. He is terminally ill. According to Ms. Louise Frederick, a specialist in cardiovascular nursing, Mr. deBeche is classified as a Class IV on the New York Heart Association Scale. His activities, under this classification, have to be very limited to preserve the heart muscles. There is no cure; the only option is a heart transplant. The defendant, Mr. deBeche, has had three heart attacks. The median survival for men is 1.7 years with his present condition.
State v. Young, 532 So.2d 301 (La.App. 3 Cir.1988), writ denied, 538 So.2d 588 (La. 1989) explains that a court should consider various factors in reviewing a claim of excessiveness. Those factors include, of course, the crime committed, the particular circumstances surrounding the commission of the crime, the accused's prior criminal record, and the likelihood of recidivism or rehabilitation. The Defendant has no prior felony record and there is no evidence of the likelihood of recidivism. Furthermore, State v. Young explained that an accused's debilitated health status is a valid factor. Certainly, the offenses to which Mr. deBeche pled guilty are serious and repulsive. However, the Constitution requires that we impose a sentence which is not excessive under the circumstances of the case. The imposition of the sentences in this case serve no useful purpose given Mr. deBeche's serious health problems.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Class II is a therapeutic classification of patients on the New York Heart Association Scale. It describes patients with heart disease resulting in slight limitation of physical activity. Ordinary physical activity results in fatigue or anginal pain.