829 So.2d 1137 (2002)
STATE of Louisiana
v.
Dalton THOMAS, Jr.
No. 02-0471.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
*1138 Honorable Robert Richard Bryant, Jr., District Attorney, Lake Charles, LA, for Appellee, State of Louisiana.
G. Paul Marx, Attorney at Law, Lafayette, LA, Ronald F. Ware, Lake Charles, LA, for Appellant/Defendant, Dalton Thomas, Jr.
Court composed of NED E. DOUCET, JR., Chief Judge, MARC T. AMY and GLENN B. GREMILLION, Judges.
AMY, Judge.
The State charged the defendant by bill of information for alleged violations of La. R.S. 40:967(C) and La.R.S. 14:95.1. The State dismissed the La.R.S. 14:95.1 charge. After the trial court denied his motion to suppress, the defendant pled guilty to the La.R.S. 40:967(C) charge and reserved his right to appeal the trial court's denial. For the following reasons, we affirm.

Factual and Procedural Background
At the suppression hearing, Corporal Phillip Hebert, a deputy with the Calcasieu Parish Sheriff's Office, testified that he was conducting a routine patrol in Lake Charles, Louisiana, on April 17, 1999. Corporal Hebert stated that he was driving a police cruiser south on Enterprise Boulevard when he saw a blue Ford pickup truck stopped in the roadway near the intersection of Pine Street and First Avenue. Corporal Hebert described the truck's position as in the "roadway itself," and not pulled to the curb. Corporal Hebert additionally testified that the passenger door on the truck was open. Notably, he also testified that he has conducted numerous arrests and stops near this corner.
Corporal Hebert turned back on Mill Street toward the blue pick-up, which was moving when he arrived at the corner of Pine Street and First Avenue. Then, Corporal Hebert stopped the blue pick-up for obstruction of a public passageway. After the defendant was ordered out of the truck, Corporal Hebert asked him for a driver's license. According to Corporal Hebert, the defendant stated that he did not have a driver's license in his possession. But, the defendant revealed that his name was Dalton Thomas. After checking *1139 the criminal history of the defendant, Corporal Hebert found that the defendant had three outstanding arrest warrants and a prior felony conviction for unauthorized entry of an inhabited dwelling. As a result, Corporal Hebert advised the defendant of the outstanding warrants and that he was under arrest.
After advising the defendant that he was under arrest, Corporal Hebert testified that he saw a brown nylon gun case partially under the arm rest in the middle of the front seat of the truck. Corporal Hebert stated that the gun case was visible from the window of the truck. Corporal Hebert stated that he questioned the defendant about the gun case and was advised by the defendant that there was a weapon in the vehicle. Once the defendant admitted that he was in possession of a firearm, Corporal Hebert advised the defendant that he was also under arrest for possession of a weapon by a convicted felon.
Thereafter, Corporal Hebert testified that he patted the defendant down for weapons and noticed a lump on the defendant's left ankle. Corporal Hebert asked the defendant about the lump; then, Corporal Hebert pulled the object from the defendant's ankle. Corporal Hebert testified that he found a wad of tissue paper containing two match boxes, a five inch piece of wire, and two glass crack pipes.
Due to this arrest, the defendant was charged by bill of information with one count of possession of a controlled dangerous substance[1] and one count of possession of a firearm by a convicted felon.[2] The defendant filed a motion to suppress the evidence. However, the trial court denied the defendant's motion. After the State dismissed the possession of a firearm by a convicted felon charge, the defendant pled guilty to possession of a controlled dangerous substance and reserved his right to appeal the trial court's denial of the motion to suppress. We now consider the following assignment of error raised by the defendant: "The trial court erred in that it failed to grant a motion to suppress evidence where the officer had no basis for an investigatory stop and subsequent search of appellant's vehicle."

Discussion

Errors Patent
In accordance with La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. Our review of the record discloses no such errors.

Motion to Suppress
When reviewing a trial court's denial of a motion to suppress, the appellate court looks at the totality of the evidence presented at the suppression hearing. State v. Bargeman, 98-617 (La.App. 3 Cir. 10/28/98); 721 So.2d 964, writ denied, 99-0033 (La.5/28/99); 743 So.2d 658. Unless the trial court's conclusions are not supported by the evidence or there exists a clear abuse of discretion, an appellate court should not overturn the trial court's ruling. State v. Purvis, 96-787 (La.App. 3 *1140 Cir. 12/11/96); 684 So.2d 567 (citing State v. Burkhalter, 428 So.2d 449 (La.1983)). In other words, the appellate court will give the trial court's determination great weight and will not set aside the trial court's ruling unless clearly mandated by a preponderance of the evidence. State v. Lewis, 97-1244 (La.App. 3 Cir. 3/6/98); 728 So.2d 1.
In his brief, the defendant asserts that Corporal Hebert lacked a reasonable suspicion to perform an investigatory stop. In turn, the defendant contends that the stop was unreasonable and that all fruits of that stop should be suppressed. We find that this argument lacks merit.
Both the Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Law enforcement officers illegally detaining a person may constitute an unreasonable seizure. Lewis, 97-1244; 728 So.2d 1. However, the Louisiana Code of Criminal Procedure authorizes investigatory stops in certain circumstances. Specifically, La. Code Crim.P. art. 215.1(A) provides:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
An investigatory stop is no less a restriction on a person's liberty of movement than an arrest. State v. Senegal, 95-0796 (La.App. 3 Cir. 12/6/95); 664 So.2d 832. Yet, an investigatory stop is considered less of an intrusion because it is briefer than an arrest. Id. Consequently, unlike an arrest which requires probable cause to believe that a crime has been committed, an investigatory stop may be made under a more relaxed reasonable suspicion standard. Purvis. 96-787; 684 So.2d 567.
An evaluation of whether a police officer had a reasonable basis for an investigatory stop requires looking objectively at the totality of the circumstances known to the officer at the time of the challenged action. Bargeman, 98-617; 721 So.2d 964. A law enforcement officer cannot stop a person upon a generalized suspicion or hunch. Lewis, 97-1244; 728 So.2d 1; see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Instead, the officer must be able to articulate objective facts to support his suspicion of criminal activity. Id. Thereafter, deference must be given to the reasonable inferences drawn by the law enforcement officer in light of his experience. Id.
La.R.S. 14:100.1, entitled "Obstructing public passages," provides, in part:
No person shall willfully obstruct the free, convenient and normal use of any public sidewalk, street, highway, bridge, alley, road, or other passageway, or the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.
When he testified at the suppression hearing, Corporal Hebert stated that he saw a blue Ford pick-up sitting idle in the street. This truck was not pulled to the curve and was parked in the lane of traffic with the passenger door open. The articulation of this objective fact supports the determination that Corporal Hebert had a reasonable suspicion that the public passageway was, or was about to be obstructed. Therefore, Corporal Hebert had a reasonable basis to perform an investigatory stop on the defendant pursuant to La. Code Crim.P. art. 215.1.
Once the defendant was stopped, Corporal Hebert discovered facts which gave him probable cause to arrest the defendant. See La.Code Crim.P. art. 202; La. Code Crim.P. art. 213. Corporal Hebert asked the defendant to produce a driver's *1141 license. Although he did not produce a license, the defendant disclosed his name to Corporal Hebert; and, as a result, Corporal Hebert discovered that the defendant had three outstanding warrants and a prior felony conviction. Thereafter, Corporal Hebert advised the defendant that he was under arrest for the outstanding arrest warrants.
When a person is placed under arrest, the police officer may perform a search without a warrant incident to a lawful arrest within the arrestee's immediate control. Carter, 95-0703; 663 So.2d 152. When the arrest extends to the arrestee's automobile, it is permissible to search the interior of the automobile after arresting its occupants when they remain in proximity to the vehicle. Id.; see also New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
Once he had placed the defendant under arrest, Corporal Hebert saw a gun case partially under the arm rest of the truck's front seat. He questioned the defendant about the weapon, and the defendant admitted that he had a firearm. As a result, Corporal Hebert advised the defendant that he was also under arrest for possession of a firearm by a convicted felon and seized the firearm. Corporal Hebert subsequently patted the defendant down for weapons and found the contraband on the defendant's left ankle. Thus, the firearm and contraband were both lawfully seized through a search incidental to a lawful arrest because Corporal Hebert had the legal authority to search the defendant's person and vehicle once he had placed him under arrest.
Accordingly, the trial court did not abuse its discretion when it denied the defendant's motion to suppress.

DECREE
For the foregoing reasons, the conviction of the defendant, Dalton Thomas, is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 40:967(C) provides:

It is unlawful for any person knowing or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.
[2] La.R.S. 14:95.1(A) provides, in part: "It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony or ... unauthorized entry of an inhabited dwelling ... to possess a firearm or carry a concealed weapon."