JjDECUIR, Judge.
The Defendant, Mark Anthony Brown, was charged by bill of information with possession with intent to distribute marijuana, in violation of La.R.S. 40:966(A). The bill of information was later amended to reflect the charge of attempted possession with intent to distribute marijuana. The Defendant pled guilty to the amended *1182 charge and was sentenced to five years at hard labor with credit for time served. After a motion to reconsider sentence was denied, the Defendant filed this appeal and now seeks review of his sentence.

FACTS:

On October 14, 1999, the Defendant was a passenger in a vehicle driven by Wesley Harris. The two men were stopped for a traffic violation on Interstate 10 in St. Martin Parish. After the men gave the officer conflicting stories regarding their origin of travel, the officer obtained permission to search the vehicle. The search of the vehicle yielded twenty-eight pounds of marijuana found in a hidden compartment. According to the officer’s affidavit, the Defendant stated the drugs belonged to him. The driver of the vehicle denied any knowledge of the secret compartment or the drugs. The record indicates the Defendant is a paraplegic and is confined to a wheelchair. He has no prior felony convictions.

ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. In this case, we find error in the sentencing minutes which requires correction. The minutes indicate that the Defendant was sentenced to serve fifteen years at hard labor with ten years suspended; however, the sentencing transcript states the Defendant was sentenced to serve five years at hard labor. “When there is a conflict between the transcript and the minutes, the transcript prevails.” State v. Guillory, 00-386, p. 19 (La.App. 3 Cir. 11/2/00), 773 So.2d 794, 805, writ denied, 00-3334 (La.11/9/01), 801 So.2d 362. We must therefore remand for correction of the sentencing minutes.

ASSIGNMENT OF ERROR:

The Defendant argues that his five year sentence at hard labor is excessive and that the trial court failed to adequately consider such mitigating factors as his paralysis and lack of a prior criminal record in conformity with the sentencing guidelines of La.Code Crim.P. art. 894.1.
In determining whether a sentence is excessive, this court applies the following standard:
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals, and therefore, is nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
State v. Walker, 96-112, p. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, writ denied, 96-1767 (La.12/6/96), 684 So.2d 924.
The Defendant was sentenced to five years at hard labor with credit for time served. Under the original charge of possession with intent to distribute marijuana, the Defendant was exposed to a potential *1183 thirty-year sentence. However, after the charge was amended to attempted possession with intent to distribute marijuana, his sentence exposure decreased to fifteen years at hard labor. The Defendant bene-fitted from the plea bargain, and the trial court imposed a low-range sentence of five years.
|aThe Defendant argues the trial court failed to adequately consider his paralysis and lack of a prior criminal record as mitigating factors. With respect to the issue of compliance with La.Code Crim.P. art. 894.1, this court stated in State v. Hopkins, 96-1063, pp. 6-7 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, 541:
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in Article 894.1 will not require a remand for resentenc-ing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983).
See also State v. Iron, 00-1238, p. 10 (La.App. 3 Cir. 2/14/01), 780 So.2d 1123, 1128, writ denied, 01-1232 (La.3/15/02), 811 So.2d 898.
As stated in State v. Cottingin, 476 So.2d 1184, 1186 (La.App. 3 Cir.1985) (citations omitted):
There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant. In addition, it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines.
At the sentencing hearing, the trial court expressly noted several aggravating and mitigating circumstances particular to the Defendant and the nature of the offense committed:
14Mr. Brown, in considering the appropriate sentence in your case, I’ve taken into account the information provided to me today from the pre-sentence investigative report, the information provided by the lawyers, the letters that were presented on your behalf, and the provisions of Code of Criminal Procedure Article 894.1. I note that you’ve had no criminal activity for the past — for a period of eleven, almost eleven years, before the present offense — present arrest, I should say. I note that this did not involve any violence or threats of violence, or the use of any firearm or dangerous weapon. I’ve taken into account the amount of marijuana involved in this case. It concerns me, your lawyer indicates that, you know, this was one mis *1184 take for over a period of being a contributing member to society in a good way, but this would be different if it was just a possession with intent to distribute that, in a weak moment, you got some marijuana and transported it for financial gain. This is, you grew this marijuana which took an extended period of time and it involved more than just one weak moment.
Based on this information and these considerations, it’s the sentence of this court that you serve five (5) years at hard labor with the Department of Public Safety and Corrections. You get credit for all time served since your arrest.
The Defendant asked the trial court to consider his paralysis as a mitigating factor at both the sentencing hearing and the hearing on his motion to reconsider sentence. The court was aware of the Defendant’s medical condition, although it did not specify that condition as a factor in the sentencing decision. In State v. deBeche, 01-1088 (La.App. 3 Cir. 1/6/02), 815 So.2d 1028, writ denied, 02-0686 (La.9/13/02), 824 So.2d 1187, this court refused to find excessive a twenty-five year sentence imposed on a defendant with congestive heart failure. Similarly, in State v. Graham, 35,184, p. 6 (La.App. 2 Cir. 10/31/01), 799 So.2d 645, 650, the trial court heard evidence regarding the defendant’s medical condition but “the court was not required to find Graham’s disability a persuasive mitigating condition considering that his physical condition did not stop Graham from selling cocaine.” Id. at p. 6, 650. Furthermore, La.R.S. 15:574.20(A) provides, in pertinent part, that “any person sentenced to the custody of the Department of Public Safety and Corrections may, | supon referral by the department, be considered for medical parole by the Board of Parole.”
The Defendant further contends the trial court failed to give adequate consideration to his first offender status. However, the record reflects the trial court acknowledged the Defendant’s lack of a criminal record in almost eleven years as a mitigating circumstance during sentencing.
Our review of the record reveals no manifest abuse of the sentencing court’s discretion. We conclude the trial court was familiar with and considered all mitigating factors in arriving at what it thought to be an appropriate sentence for the Defendant. On review, we find no error in the proceedings. Accordingly, the sentence imposed on Defendant is affirmed; this matter is remanded, however, for correction of the minutes.
SENTENCED AFFIRMED; REMANDED WITH INSTRUCTIONS.