**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-610


STATE OF LOUISIANA

VERSUS

EUGENE DUNN, JR.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 04-K-1716,
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**MICHAEL G. SULLIVAN**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

**AFFIRMED.**

Earl B. Taylor
District Attorney
Alisa Ardoin Gothreaux
Assistant District Attorney
Post Office Drawer 1968
Opelousas, Louisiana 70571-1968
(337) 948-0551
Counsel for:
        State of Louisiana

Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2775
Monroe, Louisiana 71207-2775
(318) 387-6124
Counsel for Defendant/Appellant:
        Eugene Dunn, Jr.

SULLIVAN, Judge.

On August 11, 2004, Defendant, Eugene Dunn, Jr., was charged by bill of information with one count of possession of a controlled dangerous substance, Schedule II, a violation of La.R.S. 40:967(C); one count of possession of a controlled dangerous substance, Schedule I, with the intent to distribute, a violation of La.R.S. 40:964; one count of possession of a controlled dangerous substance, Schedule IV, a violation of La.R.S. 40:969(C); and one count of possession of a controlled dangerous substance, Schedule IV, a violation of La.R.S. 40:969(C).

On February 2, 2006, after the trial court denied Defendant's motion to suppress, Defendant pleaded guilty as charged to all four counts, reserving his right to appeal the issues raised in his motion to suppress. On April 13, 2006, the trial court sentenced Defendant as follows: five years at hard labor, with credit for time served, on count one; seven years at hard labor, with credit for time served, to run concurrently with count one, on count two; five years at hard labor, with credit for time served, to run concurrently with counts one and two, on count three; and five years at hard labor, with credit for time served, to run concurrently with counts one, two and three, on count four.

**Errors Patent**

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we have found two issues that require discussion.

First, we note that the bill of information cites the wrong schedule and, consequently, the wrong citation for count four, possession of PCP. The bill of information charges Defendant with possession of PCP, "classified as a controlled

dangerous substance in Schedule IV of R.S. 40:964, in violation of R.S. 40:969C."[1] The proper name for PCP is phencyclidine. *See State v. Coleman*, 406 So.2d 563 (La.1981). Since phencyclidine is listed as a Schedule I substance, the possession of such substance is a violation of La.R.S. 40:966(C)(2). *See* La.R.S. 40:964.

The erroneous citation of a statute in the charging instrument is harmless error, as long as the error did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. In the present case, Defendant does not allege any prejudice because of the erroneous citation. We further note that the trial court continued to refer to the wrong statute, La.R.S. 40:969(C), at sentencing. Nonetheless, the sentence imposed by the trial court was legal under both the incorrect statute and the correct statute, La.R.S. 40:966(C)(2), in that the five-year sentence at hard labor was the *maximum* term of imprisonment for the incorrect penalty provision and the *minimum* term of imprisonment for the correct penalty provision. Considering these facts, we find that the erroneous citation of the statute in the bill of information did not mislead Defendant to his prejudice and should be considered harmless.

Second, we note that the trial court did not impose a fine for count two, possession with the intent to distribute marijuana. That penalty provision mandates that the offender be fined *not more* than $50,000.00 *and* be imprisoned for five to thirty years. La.R.S. 40:966(B)(3). Because no minimum amount is set for the fine, we find it questionable as to whether the failure to impose a fine renders the sentence illegally lenient. We note that both the fourth and fifth circuits have recognized such a sentence to be illegally lenient. *See State v. Jackson*, 04-728 (La.App. 5 Cir.

---

[1]The bill of information was amended by hand to cite La.R.S. 40:969(C). It is apparent from the guilty plea transcript that the bill originally cited La.R.S. 40:967. Apparently, however, because the bill cited Schedule IV, the State thought R.S. 40:969 was the correct statutory citation.

12/14/04), 892 So.2d 71, *writ denied*, 05-548 (La. 1/9/06), 918 So.2d 1033*; State v. Collins*, 04-751 (La.App. 5 Cir. 11/30/04), 890 So.2d 616; *State v. Clemons*, 01-1032 (La.App. 5 Cir. 2/26/02), 811 So.2d 1047, *writ denied*, 02-866, 02-918 (La. 11/22/02), 834 So.2d 972, *cert. denied*, 538 U.S. 1063, 123 S.Ct. 2228 (2003); and *State v. Adams*, 99-2123 (La.App. 4 Cir. 1/24/01), 779 So.2d 113.[2] However, in another case, the fourth circuit declined to recognize an error patent in a similar circumstance. In *State v. Albercht*, 01-1664, p. 7 (La.App. 4 Cir. 1/30/02), 809 So.2d 472, 477, the fourth circuit stated:

> In the present case the trial court has the discretion to determine the amount of the fine up to $5,000. Although a maximum fine is provided, the minimum fine is not delegated by the statute, La.R.S. 40:966(B)(2). Therefore, the trial court has discretion to impose a fine with no minimum up to $5,000. Where there is no minimum fine, the trial court did not abuse its discretion in deciding to omit the fine, and no error patent exists.

Considering the above, we decline to recognize an error patent in the present case.

**Facts**

At approximately 9:00 p.m. on April 23, 2004, narcotics detectives Michael Hidalgo, Darren Zachary, and Brian Hundley of the St. Landry Parish Sheriff's Department first noticed Defendant's vehicle improperly parked to face oncoming traffic in a high drug traffic area in Washington, Louisiana. After passing the vehicle, the detectives turned around and observed that it began to move. According to the detectives, a passenger in the vehicle appeared to be "hollering" at its driver, while

---

[2]In only one of the above-cited cases, *Clemons*, did the court actually remand for imposition of a fine. In dissenting from the denial of the writ application in *Clemons*, reported at 02-866 (La. 11/22/02), 834 So.2d 972, Chief Justice Calogero stated: "Whether this statute [La.R.S. 14:95(E)] mandates a fine in some minimum amount is a question not entirely free from doubt. After all, a fine of zero qualifies as 'not more than ten thousand dollars.'" *Id.* at 973, n. 1.

3

the driver appeared to either be putting something or retrieving something from under the seat. Detective Hundley was concerned that the driver was reaching for a weapon.

At that point, the detectives attempted to stop the vehicle by turning on their lights and siren. The vehicle continued to move, but did not increase its speed, while the detectives traveled closely behind it. Eventually, another patrol car was able to block the vehicle, forcing it to stop. The detectives exited their vehicle and instructed the occupants of Defendant's vehicle to get out. Detective Zachary immediately patted down Defendant, the driver, for a weapon. During the pat down, a scuffle ensued after Detective Zachary felt a large bulge in the area of Defendant's lower abdomen/upper crotch. After Defendant was subdued, a Crown Royal bag was removed from his pants. When Detective Zachary placed the bag on the roof of Defendant's vehicle, it made large thumping/clunking sound, which alerted the detectives to the possibility that a small firearm or weapon may be in the bag. Additionally, the contents of the bag could be partially seen without opening it, and the detectives observed yellow ziplock bags of marijuana protruding from it. A vanilla extract bottle that was later determined to contain PCP was also found in the bag.

### Assignment of Error

In his sole assignment of error, Defendant argues that the trial court erred in denying his motion to suppress based on the lack of reasonable suspicion to stop and search him. More specifically, Defendant complains that the officers could not cite any statute that he violated by parking in the manner in which he was parked prior to being pulled over. Defendant also argues that his activities were perfectly susceptible

4

of innocent explanation; thus, the nature of the stop far exceeded that which is necessary to perfect a traffic stop.

In *State v. Thomas*, 02-0471, pp. 3-5 (La.App. 3 Cir. 10/30/02), 829 So.2d 1137, 1139-40, *writ denied*, 02-2920 (La. 4/21/03), 841 So.2d 789 (citations omitted), this court stated:

> When reviewing a trial court's denial of a motion to suppress, the appellate court looks at the totality of the evidence presented at the suppression hearing. Unless the trial court's conclusions are not supported by the evidence or there exists a clear abuse of discretion, an appellate court should not overturn the trial court's ruling. In other words, the appellate court will give the trial court's determination great weight and will not set aside the trial court's ruling unless clearly mandated by a preponderance of the evidence.
>
> . . . .
>
> Both the Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Law enforcement officers illegally detaining a person may constitute an unreasonable seizure. However, the Louisiana Code of Criminal Procedure authorizes investigatory stops in certain circumstances. Specifically, La.Code Crim.P. art. 215.1(A) provides:
>
> > A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
>
> An investigatory stop is no less a restriction on a person's liberty of movement than an arrest. Yet, an investigatory stop is considered less of an intrusion because it is briefer than an arrest. Consequently, unlike an arrest which requires probable cause to believe that a crime has been committed, an investigatory stop may be made under a more relaxed reasonable suspicion standard.
>
> An evaluation of whether a police officer had a reasonable basis for an investigatory stop requires looking objectively at the totality of the circumstances known to the officer at the time of the challenged action. A law enforcement officer cannot stop a person upon a generalized suspicion or hunch. Instead, the officer must be able to articulate objective facts to support his suspicion of criminal activity.

5

Thereafter, deference must be given to the reasonable inferences drawn by the law enforcement officer in light of his experience.

In the instant case, the detectives articulated several objective facts which provided a reasonable basis for the investigatory stop. First, Detectives Hidalgo and Zachary testified that Defendant's vehicle was in an area known for drug trafficking. The detectives also testified that Defendant's vehicle was improperly parked, facing oncoming traffic on a two-way street that did not have a dividing line or shoulders. The detectives also testified that the area was dark and that the lights on Defendant's vehicle were turned off.

A similar set of facts is found in *Thomas*, 829 So.2d 1137. In that case, this court concluded that the deputy sheriff did not conduct an unlawful search of the defendant where the deputy had reasonable suspicion to perform an investigatory stop after observing the defendant's vehicle sitting idle in the middle of the street. In reaching this decision, we considered La.R.S. 14:100.1, which reads, in pertinent part:

> No person shall wilfully obstruct the free, convenient and normal use of any public sidewalk, street, highway, bridge, alley, road, or other passageway, or the entrance, corridor or passage of any public building, structure, water craft or ferry, by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.

In that case, we concluded that the objective fact of the vehicle being parked in the lane of travel supported the determination that the officer had a reasonable suspicion that a public passageway was, or was about to be, obstructed; thus, the officer had a reasonable basis to perform an investigatory stop pursuant to La.Code Crim.P. art. 215.1.

In the present case, Defendant complains that the detectives could not specify any statute that he had violated by parking his vehicle against the flow of traffic. However, the detectives' inability to recite the violated statute at trial does not raise

6

the assumption that Defendant was not illegally parked. As in *Thomas*, Defendant was obstructing the traffic by parking in the lane of travel of oncoming traffic. We find that the detectives had reasonable suspicion to perform an investigatory stop after observing Defendant's vehicle parked in the lane of oncoming traffic, thereby obstructing a public passageway under La.R.S. 14:100.1. Further, the record supports the State's contention that the detectives articulated objective facts sufficient to support their suspicion of criminal activity.

This assignment of error lacks merit.

## Decree

For the above reasons, Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.

7