**STATE OF LOUISIANA**

**VERSUS**

**JAMES WILLIE WHITE**

**AKA JAMES WILLIE WHITE, JR.**

**AKA JAMES JUNE WHITE, ETC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 78962
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

                                                                **AFFIRMED.**

**Ezell, J., dissents and assigns written reasons.**

**Hon. Asa Allen Skinner**
**District Attorney, 30th JDC**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **State of Louisiana**

**Beth Smith Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **James Willie White**

**Terry Wayne Lambright**
**Attorney at Law**
**118 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**SAUNDERS, J.**

The Defendant, James Willie White, was charged by bill of information dated May 17, 2010, with the offenses of: 1) possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1), and 2) obstruction of justice, a violation of La.R.S. 14:130.1(A)(1)(a).

On February 15, 2011, the Defendant filed a Motion to Suppress Evidence in the trial court. A hearing was conducted on the Defendant's motion on March 22, 2011, at the conclusion of which, the trial court denied the Defendant's motion to suppress. On April 6, 2011, the Defendant pled guilty to the reduced offense of attempted possession of marijuana with intent to distribute, reserving his right to appeal the trial court's denial of his motion to suppress, pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976).

Thereafter, on June 29, 2011, the Defendant was sentenced to serve ten years at hard labor and pay a fine of $2,500, plus court costs. The Defendant did not object to the sentence or file a motion to reconsider sentence.

From this conviction and sentence, the Defendant now appeals, alleging two assignments of error.

**FACTS:**

Upon investigation by officers from the Louisiana Wildlife and Fisheries Department and the Vernon Parish Sheriff's Department, two discarded bags of marijuana were discovered in the vicinity of two vehicles, parked side by side on the entrance way to a private hunting club in Vernon Parish. After investigation by the officers, the Defendant was arrested at the scene and charged with possession of marijuana with the intent to distribute and obstruction of justice.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

**ASSIGNMENT OF ERROR NO. 1:**

The Defendant contends that the trial court erred in denying his motion to suppress evidence. Specifically, the Defendant asserts that the stop by the officers was unlawful, that the State failed to prove that the abandoned marijuana belonged to the Defendant, or that the marijuana was abandoned prior to the allegedly unlawful stop. Due to the following reasons, we find that the evidence supports the trial court's ruling and the trial court did not abuse its discretion in denying the Defendant's motion. This contention has no merit.

During the hearing on the motion to suppress, only one witness was called to testify. Lieutenant William Tyree, Jr., a nineteen-year veteran with the Louisiana Department of Wildlife and Fisheries, Enforcement Division, testified that he was patrolling in the vicinity of VFW Road, in Vernon Parish, on April 2, 2010. He was primarily looking for persons who might be hunting illegally. Lieutenant Tyree heard a vehicle approaching on the nearby road and walked to the edge of the highway to investigate. He observed a brown colored Chevrolet Pickup backing up on the roadway and turning into a leased property gateway, belonging to the Wilson Pasture Hunting Club. He knew that backing up on the roadway was a violation of the law and that the area where the truck was stopped was private property.

The officer went back to his vehicle and drove to the location, coming upon the truck and another vehicle, a blue Ford Thunderbird, which he originally did not observe. The vehicles were parked next to each other in the hunting club access

2

drive. The officer was certain the area in which the vehicles were parked was private property because his own hunting lease was located directly across the highway from the club lease.

He approached the vehicles to determine what they were doing in the area, and a male subject immediately exited the Ford and opened his hood, while the Defendant also exited his vehicle and opened its hood. The officer also noticed a female passenger in back of the Ford, who appeared to be incoherent. Lieutenant Tyree ordered both males to come to him, as he had lost sight of the Defendant when the hood of the truck was opened. He asked both men for identification and asked them what they were doing. Both men initially stated that the driver of the Ford had encountered unspecified vehicle trouble and that the Defendant came to assist. Neither man ever stated the nature of the alleged car problem.

The officer advised both men that they were trespassing on private property. Both men were very nervous, would not make eye contact, and were shaking. At that point, Lieutenant Tyree radioed for assistance from the Vernon Parish Sheriff's Office. When asked whether he had ever been arrested, the Defendant lied, stating that he only had speeding tickets on his record. The Defendant's extensive criminal history was radioed back to Lieutenant Tyree from the sheriff's office.

Further, the officer testified that such rural, gated locations were frequently used to dump illegal trash and drug needles. He also observed that both men had tattoos associated with inmates and suspected that they might have illegally been associating with each other, as parolees, which was later confirmed to be the case.

When all three people at the scene were separated and questioned, they gave conflicting stories regarding their destination and purpose for being there. The

Defendant and the other driver gave consent to search the vehicles, which only turned up a wrapped cigar.

Upon arriving at the scene, Deputy Vance walked around the vehicles, discovering two discarded bags of what later proved to be marijuana, near the driver's side of Defendant's truck, about ten feet away. Lieutenant Tyree observed that both bags were dry and pollen-free, despite the heavy dew on the ground and widespread pollen covering the entire area. Lieutenant Tyree did not observe the Defendant discard the bags, although he was the only one of the three persons at the scene who was not under his constant observation after arrival.

After discovering the marijuana, the other driver and his female passenger admitted to the officers that they had called the Defendant to have him deliver marijuana to them for sale at the location. The Defendant maintained his original story of vehicle problems. The officer noted that the Defendant may have had a bottle of transmission fluid in his hand shortly after he initially spotted him near the vehicle, but no such problem with the truck was found. The driver and passenger of the Ford were later released, without criminal charges, as they had no illegal substances in their possession, while the Defendant was arrested and charged, as noted.

In his ruling denying the Defendant's motion to suppress evidence, the trial court noted that it was familiar with areas such as the access drive where the vehicles were parked and that such areas do commonly constitute private property, thereby giving Lieutenant Tyree a reasonable belief that the Defendant may have been trespassing. Further, the court was also familiar with the problem of illegal trash dumping, giving the officer an additional reason to investigate.

The court also stated that the illegal backing up of the Defendant's vehicle gave him further cause to approach the Defendant and determine his intentions.

4

Upon noting the nervousness of the suspects, the lack of any observable problem with either vehicle, the inconsistent stories, and the later find of the discarded marijuana, the court concluded that Lieutenant Tyree had probable cause for the initial investigation, the initial questioning of the suspects, and the subsequent search of the vehicles, and denied the Defendant's motion to suppress evidence, accordingly.

When considering claims alleging that the trial court erred in denying a motion to suppress, this court has held:

> In reviewing a ruling on a motion to suppress, an appellate court considers the totality of the evidence presented at the suppression hearing. *State v. Thomas*, 02-471 (La.App. 3 Cir. 10/30/02), 829 So.2d 1137, *writ denied*, 02-2920 (La.4/21/03), 841 So.2d 789. Furthermore, unless the trial court's ruling is not supported by the evidence or it is clearly an abuse of discretion, it is not to be overturned by the appellate court. *Id.*

*State v. Leday*, 05-1641, pp. 7-8 (La.App. 3 Cir. 5/3/06), 930 So.2d 286, 291.

Regarding the defendant's claims that the stop of the defendant was illegal, the supreme court held:

> While an arrest requires officers to have probable cause to believe that a suspect has committed a crime, *see* U.S. Const. amend. IV and La. Const. art. I, § 5, an investigatory stop requires a lesser standard of "reasonable suspicion." *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In Louisiana, the investigatory "*Terry*" stop is codified in La.Code Crim. Proc. art. 215.1(A): "A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." Like an arrest, an investigatory stop entails a complete restriction of movement, although for a shorter period of time. *State v. Bailey*, 410 So.2d 1123, 1125 (La.1982).
>
> In making a brief investigatory stop, the police "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *State v. Kalie*, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (quoting *United States v. Cortez*, 449 U.S.

411, 417-418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)). Specifically, our courts have interpreted article 215.1 to require that an officer point to specific and articulable facts to justify an investigatory stop. *State v. Huntley*, 97-0965, p. 3 (La.3/13/98), 708 So.2d 1048, 1049.

*Leday*, 930 So.2d at 290 (quoting *State v. Sims*, 02-2208, pp.4-5 (La. 6/27/03), 851 So.2d 1039, 1043).

In brief, the Defendant argues that Lieutenant Tyree did not have grounds to stop, detain, and question the Defendant. However, as found by the trial court, the officer observed the Defendant commit a traffic violation, by backing up on a public road. Further, Lieutenant Tyree knew, from personal knowledge, that the Defendant was trespassing on private property belonging to the hunting club and that the Defendant was not a member of the club.

Accordingly, it appears that the officer reasonably believed that the Defendant had committed offenses and therefore had the authority to stop and question the Defendant about those matters.

Additionally, the Defendant avers that the State failed to prove that the two bags of marijuana were discarded by the Defendant. As noted, the officer testified that there was heavy dew on the ground that morning, but the bags were dry, indicating that they had been recently discarded. Also, there was a ubiquitous pollen fall in the area, while the bags were pollen-free, also demonstrating that they had been recently discarded.

Lieutenant Tyree also testified that, of the three people at the scene, only the Defendant was out of his sight for a period of time after he initially approached them. Neither of the other two people could have discarded the bags, which were located nearest the Defendant's vehicle's driver's door.

Therefore, the trial court did not abuse its discretion in finding that the officer had reasonable suspicion that the Defendant committed an offense, providing justification for stopping and questioning the Defendant. Further, State provided evidence that the drugs had been recently discarded and that the Defendant was the person most likely to have done so, a fact further bolstered by the admission by the other two persons that they had arranged to meet and buy marijuana from the Defendant at the location.

For the reasons discussed above, the trial court did not abuse its discretion in denying the Defendant's motion to suppress evidence. The Defendant's contention has no merit.

**ASSIGNMENT OF ERROR NO. 2:**

The Defendant contends that the sentence imposed upon him by the trial court is excessive, given the alleged weakness of the evidence against the Defendant. We find no merit in this claim.

As noted, the Defendant pled guilty to a lesser offense, and one of the original charges was dismissed. Further, the State agreed not to file a habitual offender bill against the Defendant, who was classified as a sixth felony offender, according to the presentence investigation report. The evidence against the Defendant was substantial, as previously discussed, thereby justifying the sentence imposed.

The Defendant pled guilty to attempted distribution of marijuana, a violation of La.R.S. 14:27 and La.R.S. 40:966(A)(1). As such, the Defendant could have received one half of the prescribed penalty of five to thirty years, plus a fine of up to $25,000. *See* La.R.S. 40:966(B)(3). The Defendant's sentence of ten years is a midrange sentence, and the fine of $2,500 is far lower than the maximum allowed by law.

In reviewing claims of excessiveness, this court has noted the following in

*State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

> *State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

> In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> > In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250.

In sentencing the Defendant to ten years, the court reviewed the Defendant's age, education, employment history, and family situation. The court also noted the serious effects of drug use on society and associated economic harm. The court

also reviewed, in detail, the Defendant's extensive criminal history, going back to 1977 and resulting in Defendant's classification as a sixth felony offender.

Considering the factors reviewed by the trial court and its great discretion in such matters, as well as the great benefit received by the Defendant as a result of the plea agreement, we reject the argument that the Defendant's sentence is excessive. Accordingly, this contention by the Defendant has no merit.

**<u>DECREE</u>:**

Defendant's conviction and sentence are affirmed.

**<u>AFFIRMED.</u>**

NUMBER 11-1059

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


STATE OF LOUISIANA

VERSUS

JAMES WILLIE WHITE, AKA JAMES WILLIE WHITE, JR., AKA JAMES JUNE WHITE, ETC.


EZELL, J., dissenting.

I respectfully dissent for the following reasons.

The majority bases its position on three (3) things. First, is there a law that prohibits backing on a <u>private</u> or <u>public</u> road? None was placed in evidence and I do not think the court took judicial notice or knowledge of that fact or any statue relating to this violation. Second, there is nothing to establish that the road that was backed down was a public road and there is also nothing in the record that proves the area where the Defendant had parked was private property or that a trespassing sign was present.

It is clear that the agent was familiar with the area but that is not enough to give the agent the right to detain the individual and question them without giving them their rights under <u>Miranda</u>.

There is nothing in the record showing that the Defendant was found guilty of either of the criminal acts that the agent used as a basis for detaining and questioning the Defendant.

There is no additional evidence in the record with regard to trespassing; the crime for which the Defendant was detained or the reason for the investigative stop. Likewise, there is no testimony or evidence to the illegality of backing down the road.

The law at the time of this arrest in regard to trespassing is clearly set forth in *State of Louisiana v. Ronald Depass*, 585 So.1215, (La. 1991), wherein the basis for arrest was trespassing!  As in this case, the Defendant had every right to pull their vehicle off the roadway and there is no evidence that the area where his vehicle was parked was posted with signs.

I am sure the agent knew a great deal about the area, but the law cannot overreach and in this case the boundary has been breached.

For these reasons, I dissent.