THIBODEAUX, Chief Judge,
concurring in part and dissenting in part.
I agree with the majority that the defendant’s conviction should be affirmed. I *1117 disagree with the imposition of a seven-year sentence at hard labor.
The cases relied upon by the majority are inapposite and do not support its position. State v. White, 11-1059 (La.App. 3 Cir. 4/4/12), 87 So.3d 318 involved, as the majority acknowledges, a long-time felony offender. The defendant in White had six previous felonies. Here, this defendant has no prior felony convictions. In State v. Brown, 02-1382 (La.App. 3 Cir. 4/2/03), 842 So.2d 1181, writ denied, 03-1224 (La.11/7/03), 957 So.2d 491, the defendant admitted ownership of the marijuana. In fact, Brown referenced the comments of the trial judge who said “this would be different if it was just a possession with intent to distribute that, in a weak moment, you got some marijuana and transported it for financial gain. This is, you grew this marijuana which took an extended period of time and it involved more than just one weak moment.” Id. at 1184. In this case, the defendant was charged with possession of marijuana, not possession with intent to distribute. Second, in this case, unlike Brown, the defendant did not grow the marijuana nor did he own it. He was simply acting as a “mule” in transporting the marijuana for someone else.
The seven-year sentence is not proportionate to the severity of this defendant’s crime and makes no meaningful contribution to any acceptable goal of ^punishment. It simply results in adding to Louisiana’s reputation as having the most prisoners per capita of any area in the world and the most prisoners with the longest sentences.
For the foregoing reasons, I respectfully dissent in part.